## JOHNSON JOHNS V. MARY ANN JOHNS.

DIVORCE.—A marriage consummated while the man is under arrest for seducing the woman, and on the advice of the officers of the law and by-standers that, by marrying, the party under arrest would be relieved from further prosecution, is valid. The marriage contract cannot be avoided under such circumstances on the ground that it was consummated under duress.

APPEAL from Rockwall. Tried below before the Hon. M. H. Bonner.

Johnson Johns, the appellant, brought suit against Mary Ann Johns, (both persons of color,) alleging that he had been married to the defendant under peculiar circum-. stances, and praying that the marriage be declared "null and void, *ab initio.*" His petition alleges that the said Mary Ann, "on the 8th day of June, 1874, went before a justice of the peace, and not having the fear of God before her eyes, and being moved and instigated by the devil, willfully and maliciously did falsely make an affidavit in effect that petitioner had seduced her;" that he was arrested for the alleged offense, and being carried before the magistrate appealed to the officers of the law and by-standers to know what he should do in order to be liberated; that the sheriff, clerk, justice of the peace, and others, advised him to marry Mary Ann, which he accordingly did, but he earnestly protested in his petition that his consent was obtained by undue influence, "and the matrimonial vow rehearsed against his own free will and accord." He averred that he did not love Mary Ann, and that he did not seduce her; that she was "abominable and detestable in his presence;" that he had never "cohabited with her since marriage," and that their living together as man and wife "is intolerable and insupportable."

Mary Ann Johns demurred to the petition and answered that Johns, before marriage, "by wickedly and maliciously promising to marry her, seduced her;" that he married her

"freely, willingly, and without being forced;" but from "thenceforward down to the present time has wholly failed to perform the duties incumbent on him." She alleges that her husband has two wagons and four horses, with other property of small value, and she prayed that he be required to furnish her a reasonable amount of the profits of his labor "so long as he remains away from her bed and board."

The demurrer to petition was sustained and Johnson Johns appealed.

(No briefs have reached the reporters.)

REEVES, ASSOCIATE JUSTICE.—We are of the opinion that the court did not err in sustaining the defendant's exceptions to the plaintiff's petition.

Appellant admits the marriage, but alleges in his original petition that his consent was obtained by force and undue influence. He complains that the appellee caused him to be arrested on a warrant charging him with having seduced her, and that the marriage was against his free will and accord; that the sheriff, after making the arrest, took him to the office of a justice of the peace, and appellant being ignorant of the laws of the county appealed to the officers of the law and the by-standers to know what to do in order to be liberated; that the justice, the sheriff, and the clerk of the District Court, and other persons, advised him that it would be lawful and to his interest to marry the defendant, and that thereby he would be relieved from the prosecution for seduction. On these grounds and others stated in his petition, he avers that the marriage was not valid and legal, and that their living together as man and wife is intolerable and insupportable.

By an amended petition the plaintiff states that he was forced to marry against his will while a prisoner; that the defendant's father and brothers were greatly prejudiced

against him, and that they compelled the defendant to make the oath for his arrest against her will; and that it was done for the purpose of annoying him in the courts of the country. The plaintiff denies that he seduced the defendant, and denies cohabitation since the marriage, and makes other allegations showing his unkind feelings towards the defendant.

It is not shown by averment that the officers or the by-standers were guilty of either force or fraud in anything they said or did. What they said to the plaintiff seems to have been said at his instance and in the way of advice, without constraint of any kind. The plaintiff appears to have understood that the marriage would cancel the offense with which he was charged and release him from custody. He knew whether he was guilty or not of the charge against him when he married, and he cannot now cancel the marriage and rid himself of his wife, as he did the prosecution, without showing a better reason for it than he has given in his petition.

It is not charged that the defendant's father or brothers brought about the marriage by force or fraud. On the contrary, they were charged with attempting to annoy the plaintiff in the courts because they were prejudiced against him.

The marriage of the plaintiff and defendant was wholly unlike the case in 12 Tex., 356. In that case the marriage license was procured by fraud and perjury, and the plaintiff, who was a minor, was married without the consent of her parents.

There being no error in the judgment, it is affirmed.

AFFIRMED.