## LILES v. STATE, ex rel. JOHNSON.

### Opinion delivered March 22, 1915.

BASTARDY—TESTIMONY OF MOTHER—NON-ACCESS OF HUSBAND.—In a bastardy proceeding testimony of the mother of the child that she had not had sexual intercourse, during the period of gestation, with her husband, who resided in the community, and from whom she was not divorced, is inadmissible.

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

*H. A. King,* for appellant.

1. The court erred in allowing appellee to testify as to the non-access of her former husband. The law is well settled that neither the husband nor the wife shall be allowed to deny sexual intercourse. Jones Com. on Ev., vol. 1, p. 464; 112 Ky. 888; 66 S. W. 1036; 6 A. & E. Ann. Cas. 816 (notes); 2 Enc. Ev. 240; 3 MacArthur (D. C.) 64.

2. The court erred in allowing witnesses, Mrs. Wimberly, Ode Wimberly, Goodner and Rogers, to testify about a settlement of the matter. 8 Enc. Ev. 174; 123 Iowa 427; 73 Minn. 101.

Admissions and declarations of parents are admissible to establish *legitimacy,* but not to establish *illegitimacy.* 8 Enc. Ev. 174.

The declarations and admissions of the man claimed to be the father of such child are inadmissible. 6 Enc. Ev. 175; 8 Cyc. 175; 2 Brock 256, 22 Fed. Cas. No. 13,351; 64 Kan. 367; 67 Pac. 848.

3. The instructions of the court were prejudicial and clearly not the law. 2 Brock 256, 22 Fed. Cas. No. 13,351.

The court erred in refusing instructions No. 1 and No. 2, requested by defendant. 2 Allen (Mass.) 453; 3 Paige (N. Y.) 139; 23 Am. Dec. 778; 2 Enc. Ev. 240; 2 Bush (Ky.) 621; 23 N. Y. 90; 2 McCord (S. C.) 227; 13 Am. Dec. 713; 85 Va. 245.

*Pole McPhetrige,* for appellee.

KIRBY, J. This is a bastardy proceeding, and from the judgment against him in the circuit court, appellant

brings this appeal, claiming for reversal that the court erred in allowing the mother of the child, a married woman, who was living with her husband at the time of its birth, to testify that she had not cohabited with her husband, Marvin Stevens, for four or five years before the appellant had the sexual intercourse with her.

It appears from the testimony of Nora Johnson that she was the mother of an illegitimate child, born on March 7, 1914, which she alleged was begotten by appellant, a married man, in Polk County, Arkansas, of which she was a resident.

She was at the time of the sexual intercourse with appellant in June, 1913, the wife of Marvin Stevens, from whom she had been separated for three or four years, but was not divorced, and he also lived in the community.

She was divorced from her husband, Marvin Stevens, in December, 1913, after having the intercourse with appellant, in the June preceding, which resulted in the birth of the child, and immediately after the divorce was granted, married one Joe Johnson, with whom she resided and cohabited as husband and wife thereafter.

The witness was permitted to testify over appellant's objection, that she had not cohabited with Stevens, her husband, for more than four years at the time the appellant had the sexual intercourse with her.

The other testimony in the case is sufficient to support the verdict of the jury. This testimony of the wife, however, was material, doubtless convincing and certainly highly prejudicial, being incompetent. The statute makes the mother a competent witness in all cases of bastardy, "unless she be legally incompetent in any case." Section 492, Kirby's Digest; *Kennedy* v. *State,* 117 Ark. 113. The court, passing upon this question there, said:

"In the absence of a statute in express words, making the mother competent to testify to the non-access of her husband, we hold that she can not do so. Under our statute, as we have seen, the mother is a competent witness. She may testify to facts which tend to prove that access on the part of her husband within the period of gestation was impossible, and if she testified to facts of that char-

acter there would be a question for the court or jury trying the issue to determine as to whether or not the presumption of legitimacy had been overcome. * * * She may testify to any fact tending to prove the illegitimacy of the child except the single fact of non-access of her husband.''

It follows that the court erred in permitting the introduction of testimony of the mother of the non-access of her husband, and the judgment must be reversed and the cause remanded for a new trial. It is so ordered.