HUBERT HUNTLEY v. THE STATE.

No. 8408.    Delivered October 29, 1924.

Rehearing denied December 17, 1924.

1.—Wife Desertion—Evidence—Wife's Unchastity—Prior to Marriage.

That appellant was indicted for rape upon prosecutrix at the time of his marriage with her, that she was unchaste and had had intercourse with numerous other men, before the marriage, does not relieve the husband of his duty tó live with, and to support the wife.

2.—Same—Continuance—Diligence.

The court properly refused to grant appellant a continuance to enable him to secure the testimony of witnesses in California, and Arkansas, no diligence having been shown to secure the attendance of said witnesses and no effort having been made by appellant to take their depositions.

3.—Same—Charge of Court—Unchastity—Immaterial.

The court properly refused a special charge requested by appellant that if prosecutrix bore the reputation of an unchaste women, before the marriage, the appellant was entitled to an acquittal. Whatever reasons may have prompted appellant to marry prosecutrix, such reasons did not justify him, after the marriage in abandoning, and refusing to support her.

Appeal from the County Court at Law of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction of wife desertion; penalty, confinement in the county jail for sixty days and a fine of twenty-five dollars.

*Clarence E. McGaw,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Wife desertion is the offense; punishment fixed at confinement in the county jail for a period of sixty days and a fine of twenty-five dollars.

According to the prosecutrix, before her marriage, the appellant enticed her into his house upon the statement that he was giving a social. She expected other company, but upon entering the house, she found herself alone with the appellant. He there overpowered her and had intercourse with her. He then told her that if she would marry him, he would treat her right. She became pregnant and insisted that the appellant marry her. He told her that she could make him marry her, but that she could not make him stay with her.

According to his testimony, appellant had previously had sexual relations with the prosecutrix and she had voluntarily come to his

room on the occasion to which her testimony related. Appellant was subsequently arrested upon a charge of rape, and the officers in charge told him that if he would marry the girl, his case would be dismissed. Upon this assurance he married her. He was released from custody but immediately abandoned her. According to the testimony, the prosecutrix was pregnant, unable to work, and was living on the bounty of her grandmother. Appellant introduced testimony attacking her previous reputation for chastity. He also introduced testimony of her specific illicit sexual relations with other persons antecedent to the marriage.

Appellant made an application for a continuance to secure the testimony of witnesses who were in California and Arkansas, who would have testified that they had had intercourse with the prosecutrix before her marriage to the appellant.

The application is lacking in showing diligence. The testimony of the witnesses, according to the motion, would have gone to show that prosecutrix, prior to the marriage, had had intercourse with them, and that her reputation for chastity was then bad. According to the appellant's theory and testimony, he was aware, before the marriage, that the reputation of the prosecutrix for virtue and chastity was bad and that she had indulged in illicit sexual relations with other men.

Appellant requested and the court refused a special charge, the purport of which was to inform the jury that if there was no promise of marriage subsequent to the first act of intercourse with the appellant, the woman was not chaste, and that her want of chastity would impeach her and mitigate the penalty.

Another requested charge, which was refused, embraced the proposition that if the prosecutrix bore the reputation of an unchaste woman before the marriage, the appellant was entitled to an acquittal. Apparently the learned counsel has confused the law of rape and seduction with that pertaining to the offense with which his client is charged. If at the time of the marriage the prosecutrix was unchaste and her general reputation for chastity was bad, were within the knowledge of the appellant, her previous unchastity or her bad reputation would furnish no legal reason for her desertion by the appellant.

The appellant's contention that the evidence shows that his marriage was vitiated by reason of duress is not deemed tenable. He was under a charge of rape, based upon the testimony of the prosecutrix sufficient to warrant the complaint. If the testimony of the prosecutrix was true, he was under moral obligation to marry her. The proposal of the officers to release him and to dismiss the prosecution for rape if he would marry the prosecutrix was submitted to and accepted by him without, so far as we are able to ascertain from the statement of facts, the presence of any element calculated to prevent him from exercising his free will. He had the option of

resisting the prosecution or of avoiding it by the marriage. He accepted the latter alternative apparently of his own volition. His confinement at the time of the marriage does not appear to have been illegal, either in form or substance. For the elements of duress, see Cyc. of Law & Proc. Vol. 14, p. 1123.

Finding no error in the judgment, its affirmance is ordered.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant insists in an earnest and able motion for rehearing that the evidence does not support the conviction. He insists that in order to be a violation of the law the abandonment of the wife must be wilful and without justification. This is correct. Appellant insists that inasmuch as he was compelled to marry his wife in order to escape a prosecution for rape, and that he discovered after his marriage that she had been previously unchaste, that he was, therefore, justified in declining to support her. We have very carefully examined his testimony but do not find in it any assertion of the fact that he discovered her criminal connection with other men after such marriage and before he declined to contribute to his wife's support. It is very plain from his testimony that he claims to have had carnal knowledge of her a number of times before they married. He also admits that he never contributed a penny to her support after their marriage, notwithstanding the fact that she was pregnant at the time. While he was not making a large salary, he was getting all he could eat and six dollars a week from the man for whom he worked and could have divided this money with his wife had he so desired.

Appellant stresses the proposition that his wife was living with her mother who was earning ten dollars a week and getting some rent from a little house belonging to her. We have held that the needy and necessitous circumstances of the wife can not be determined by the ability of her relatives to take care of her. If she herself has no money and no means of support and not able to work, the fact that she had parents or relatives who could support her if they so desired, would not be taken by us to be a sufficient fact to rebut the proof of a needy and necessitous condition.

Regretting that we can not agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*