WILLIAM TURNER, JR. v. THE STATE.

No. 13742.    Delivered November 12, 1930.
Rehearing denied January 7, 1931.
Reported in 34 S. W. (2d) 266.

The opinion states the case.

*C. L. McCartney* and *E. M. Davis,* both of Brownwood, and *Critz & Woodward* of Coleman, for appellant.

*Walter U. Early,* Dist. Atty., and *Wilkinson & Wilkinson,* all of Brownwood, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is wife desertion; the punishment, a fine of twenty-five dollars and thirty days confinement in jail.

Appellant's wife is a student in Southwestern University. She lives with her parents in Brownwood, where her father is engaged in the furniture business. Appellant and prosecutrix married on the 20th day of July, 1929, at which time they were under twenty years of age. Appellant had been taking a course in Textile Engineering at Rice Institute and in the Texas State School at Lubbock. After their marriage, the parties immediately went to the home of the parents of prosecutrix where they resided until about August 22, 1929. In the meantime appellant attended a National Guard encampment at Palacios. While there he corresponded with his wife and, on one occasion, sent her some money. It had been understood between appellant and his wife before their marriage that he was to continue his education.

According to the testimony of prosecutrix, she being the only witness for the state, appellant left her on August 22 of the year of their marriage and did not return. She testified that she talked to appellant about returning to her, and that appellant told her that he had to leave. She said that appellant had not offered to return to her at any time, and that he had not communicated with her. Touching her financial condition, prosecutrix testified that she had no property of her own at the time that appellant left her

and had no money except funds furnished by her father. She said that appellant had not sent her any money. On cross-examination, she testified that she had sufficient clothing, food and shelter when appellant left her. We quote her testimony, in part, as follows:

"I am the only child of Mr. and Mrs. Bowden. I am the only child in my family. I had been provided for all my life. And my father and mother have been very kind to me; they surely have been. I have been living there ever since. I am now attending Georgetown University, Southwestern University. I have been down there since January 1st. I expect to continue this year."

It appears from the testimony that appellant left for Boston, Mass., the latter part of August, 1929. He testified that it was his purpose to enter school in Boston. Upon his arrival in New York City, appellant was stricken with appendicitis. An operation being required, he was in the hospital until the latter part of September. From New York appellant went to Boston but did not enter school. He said that the course he desired to take was not offered. Leaving Boston in January, 1930, appellant went to North Carolina, where he entered North Carolina State College and pursued a course in Textile Manufacturing. While there, he was arrested for wife desertion and brought back to Texas. It was appellant's version that he left his wife for the purpose of finishing his education, and that he had no intention at the time he left of abandoning her. He testified that he had no money or property and that his father had been supporting him.

It was incumbent upon the state to prove beyond a reasonable doubt that the wife of appellant was in necessitous circumstances. Patton v. State, 280 S. W. 584, and authorities cited. The opinion is expressed that the testimony fails to meet the allegation with reference to this matter. Bearing in mind that appellant was charged with desertion of his wife, she being in necessitous circumstances at the time, the testimony fails to show any effort on the part of appellant's wife to obtain support from him, or to bring knowledge to him that she was in necessitous circumstances. As far as the record reflects the matter, appellant may have had credit in the town of Brownwood. If prosecutrix could have gotten the supplies she needed upon the credit of her husband, it can not be said that she was in necessitous circumstances. If she made such effort, the record fails to reflect it. According to her own testimony, she had sufficient clothing, food and shelter at the time appellant left her. It has been held by this court that the needy and necessitous

circumstances of the wife can not be determined by the ability of her relatives to take care of her. Huntley v. State, 266 S. W. 505. We do not deem such holding applicable to the facts in the present case. The testimony on the part of the state went no further than to show that prosecutrix had no money or property of her own. That she was not in necessitous circumstances was affirmed by her.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have considered the State's motion carefully. There seems no controversy in the record of the fact that while both were attending school, appellant and his wife married, and that prior to the marriage it was understood between them that appellant should continue in school until he could complete his education. He had no profession or business or means. He was living with his parents and being supported by them, and his wife was living with her parents and being supported by them at the time of the marriage. Appellant was nineteen years old when married, and was apparently prosecuting his studies in furtherance of the agreement and understanding between him and his wife that he should finish his education, at the time this prosecution was instituted and this trial was had. There is not a particle of proof in the record that appellant had any income or means of his own by or from which his wife could be supported. The marriage took place July 20, 1929, and the indictment herein was returned on the 30th day of November of the same year. Appellant appears to have gone east for the purpose of entering college at the time of the return of the indictment. We think the case correctly disposed of in the original opinion, and we might add that we have serious doubt as to the sufficiency of the testimony to show any unlawful abandonment of his wife on the part of appellant.

The motion of the State will be overruled.

*Overruled.*