## MARCKLEY v. MARCKLEY.

### No. 11517.

Court of Civil Appeals of Texas.
San Antonio.
July 5, 1945.

Henry B. Dielmann, of San Antonio, for appellant.

H. L. Dillashaw, of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by Stonewall Jackson Marckley hereinafter called plaintiff, to annul his marriage with Rose Offer Marckley, hereinafter called defendant. The trial court granted judgment annulling said marriage and declaring that a child born to defendant during her marriage with the plaintiff was not the child of the plaintiff.

Plaintiff, Marckley, veteran gunner on a B-24 bomber in the Army of the United States, had one of his legs shot off in action in the Southwest Pacific. It is odd that plaintiff's age is nowhere disclosed in the record. After hospitalization in an army hospital at Temple, Texas, he was discharged about the middle of December, 1943, and returned to his parents' home in San Antonio. On his first night in San Antonio he met Rose Offer, a sixteen-year-old school girl, at a friend's home. The next night he went driving with her and another couple and had sexual intercourse with her on the rear seat of the car in which they were riding, the other couple occupying the front seat the while.

About eight months later, on August 13, 1944, the girl gave birth to a child, named Robert Dwight Marckley, which has survived the ensuing vicissitudes of the trio.

In the meantime, on June 9, 1944, the couple drove with their respective mothers to Seguin and were there married. Returning to San Antonio, it seems the wife's father drove her from her parental home. She went from there to the home of her husband's parents, where she spent the ensuing two nights, and then, apparently, returned to and has since resided in her parents' home.

Thereafter, on July 7, 1944, plaintiff brought this suit, and in an amended peti-

tion filed on September 22, 1944, prayed "that said purported marriage between the plaintiff and defendant be dissolved and declared null and void and that the defendant be adjudged to be not entitled to wear the name of this plaintiff and that her former name Rose Offer be restored to her * * *."

The cause was tried to the court without a jury on December 20, 1944, and after a hearing judgment was rendered "that the purported marriage entered into between plaintiff and defendant on or about June 9, 1944, be and the same is hereby annulled, set aside and held for naught, because having been entered into by the plaintiff under duress and fraud, and that same is in no wise binding upon the plaintiff. * * *

"The Court further finds as a matter of fact that the minor child herein, Robert Dwight Marckley, is not the child of the plaintiff herein, and that the plaintiff is under no obligation to contribute to its support and maintenance."

As will be seen, the judgment annulling the marriage and bastardizing the child is based upon the trial judge's conclusions that plaintiff entered into the marriage "under duress and fraud."

The charge of duress rests upon allegations that preceding the marriage defendant and her mother threatened plaintiff with prosecution if he refused to marry defendant, and that by such threats plaintiff was forced to enter into the ceremony. These allegations were themselves, as a matter of law, insufficient, for it is well settled in this State that such threats to prosecute one admittedly guilty do not authorize judgment annulling a marriage. 28 Tex.Jur. p. 727, Sec. 30; Johns v. Johns, 44 Tex. 40; Garcia v. Garcia, Tex.Civ. App., 144 S.W.2d 60, and authorities there cited. Paraphrasing the language of our Supreme Court in a similar case, "the plaintiff appears to have understood that the marriage would" avert the prosecution with which he claims defendant threatened him. "He knew whether he was guilty or not of the" threatened "charge against him when he married, and he cannot now cancel the marriage and rid himself of his wife, as he did the prosecution, without showing a better reason for it than he has given in his" action. Johns v. Johns, 44 Tex. 40. As said in 28 Tex.Jur. 727, "it is clear, of course, that marriage entered into to escape the penalties of the law may not be annulled as for duress."

The judgment of annulment was also based upon the ground that plaintiff was fraudulently induced to enter into the marriage with defendant in that prior to or about the time of his admitted illicit sexual intercourse with defendant before his marriage to her, defendant was guilty of like intercourse with other men, although representing to plaintiff that she had not been guilty of such transgressions. In our opinion the record will not support annulment upon any ground that plaintiff was deceived by defendant with reference to her virtue or chastity, or good behavior, prior to the occasion when plaintiff led her into an admittedly illicit act of sexual intercourse. It is obvious, and was unblushingly admitted by both, that on the first occasion of being out together they freely and of their own volition and without any preliminary threats, promises or other inducing considerations, engaged in that act. By this means plaintiff came to know defendant as she was, and whatever she was, and if she was not in fact then or theretofore of easy virtue, or unchaste, or immoral, plaintiff led her into the category at a moment and under such circumstances that he should be forever estopped by every consideration of decency and fairness to invoke equity and the law of the land to free him from a normal and natural consequence of his own doing, especially as against a sixteen-year-old school girl. Huntley v. State, 98 Tex.Cr.R. 530, 266 S. W. 505.

Moreover, there was no proof of defendant's antenuptial misconduct, except with plaintiff himself. It is true plaintiff offered to prove by deposition of another man that he had sexual intercourse with defendant before or about the time of her illicit intercourse with plaintiff, but the trial judge refused to admit such evidence upon the reasonable and just ground that a man who would give such testimony in open court or by deposition was wholly unworthy of belief, and the trial judge himself declared he would not believe such witness even if his testimony was in evidence. Plaintiff makes a point that this ruling of the judge was error, but the point is not efficiently supported in the record and will be overruled.

To aggravate the vice in plaintiff's position in this case he alleged and obtained judgment declaring that he was not the father of the child admittedly born in lawful wedlock. Plaintiff's position is

without merit. He admits illicit intercourse with defendant before their marriage, admits marriage to her under circumstances which do not in law imply fraud or duress and admits that this child was born in lawful wedlock, within the not abnormal period of about eight months after the admitted act of intercourse. In this situation the law presumes the legitimacy of the child. 6 Tex.Jur. p. 368, Sec. 11; McCullough v. McCullough, 69 Tex. 682, 7 S.W. 593, 5 Am.St.Rep. 96. Such presumption may be overcome only by proof that the husband was impotent, or did not have access to the woman at a time which would enable him to beget the child. 6 Tex.Jur. p. 369, Sec. 11; Foote v. State, 65 Tex.Cr.R. 368, 144 S.W. 275, Ann.Cas. 1916A, 1184, and authorities there cited. No such evidence was offered or adduced in this case, and plaintiff's contention is without any merit.

The judgment is reversed and judgment will be here rendered that appellee take nothing by this suit.