REED v. STATE.

257 S. W. 2d 362

Opinion delivered May 4, 1953.

*W. F. Reeves,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. The defendant has appealed from a conviction under Ark. Stats., § 41-2225, for concealing the death of her bastard child. The jury recommended a suspended sentence of three years in the penitentiary which the trial judge declined to follow except as to the last year of said sentence. We refrain from a detail of the sordid evidence which was ample to sustain the jury's verdict.

The principal contention for reversal is that error was committed in permitting appellant's former husband to testify against her at the trial. The defendant was married to Wayne Reed in 1933 and they separated about 1947 when Reed married another woman in Faulkner County without being divorced from the defendant. Reed and the defendant were still legally married on October 28, 1951, which is the date defendant is alleged to have committed the offense, but Reed obtained a divorce from the defendant on April 24, 1952, which was prior to the trial on November 25, 1952. In May, 1952, the defendant married the man alleged to be the father of her deceased child.

Over the defendant's objection Reed was called as a witness by the State and permitted to testify that he thought he was divorced from the defendant when he remarried in 1947; that he had not cohabited with the defendant since that time and had not seen her for three years.

Under our statutes a husband or wife may testify on behalf of but not against the other in a criminal action, except in cases in which an injury has been done by either against the person or property of the other. Ark. Stats., §§ 43-2019 and 2020. Prior to the enactment of these statutes one spouse was incompetent to testify against the other and was allowed to testify for the other only when acting as agent for the other in a business transaction. Ark. Stats., § 28-601 (3). In construing this statute in *Inman* v. *State,* 65 Ark. 508, 47 S. W. 558, the court held that a divorced wife could testify against a former husband only as to such facts as did not come to her knowledge while the marriage relation existed. The court said: "While the marriage relation exists, husband and wife are, under this statute, incompetent to testify for or against each other; and after that relation ceases they are incompetent to testify for or against each other as to such communications as were made by one to the other during the marital relation; but, as to such facts as did not come to them while that relation existed, they are competent witnesses for or against each other after that relation ceases."

Here the defendant's former husband was permitted to testify to facts that came to his knowledge while the marriage relation still existed and his testimony was, therefore, incompetent and inadmissible.

There is still another reason why this testimony was inadmissible. This court is committed to the so-called Lord Mansfield rule to the effect that a husband or wife is incompetent to testify as to the husband's non-access in affiliation proceedings where such testimony would tend to prove a child conceived after marriage to be illegitimate. Even in bastardy proceedings where the statute (Ark. Stats., § 34-712) makes the mother a com-

petent witness, this court has consistently applied the rule and excluded such evidence on the grounds of decency, morality, and public policy. In *Liles* v. *State, ex rel. Johnson,* 117 Ark. 408, 174 S. W. 1196, the mother was permitted to testify that she had not cohabited with her husband for more than four years at the time the defendant had sexual intercourse with her. This court held such testimony inadmissible and so prejudicial as to call for a reversal of the case. See, also, *Kennedy* v. *State,* 117 Ark. 113, 173 S. W. 842, L. R. A. 1916B, 1052; *Scott* v. *State,* 173 Ark. 625, 292 S. W. 979. We reaffirmed the rule in the recent case of *Shatford* v. *Shatford,* 214 Ark. 612, 217 S. W. 2d 917.

The defendant's further contention that the court erred in instructing the jury cannot be considered for the reason that proper objection was neither made at the trial nor carried forward in the motion for new trial.

For the error in permitting the defendant's former husband to testify against her in the circumstances, the judgment is reversed and the cause remanded for a new trial.

WARD, J., dissents.