Betty Marie JONES, Appellant,

v.

Milton JONES, Appellee.

No. 3376.

Court of Civil Appeals of Texas.

Eastland.

June 6, 1958.

Berger & Mulhollan, Corpus Christi, for appellant.

Carter, Pedigo & Ator, Corpus Christi, for appellee.

COLLINGS, Justice.

This is an appeal from a judgment annulling the marriage of Milton Jones and appellant Betty Marie Hurst Jones. Appellant originally brought suit against Milton Jones for divorce and custody of their infant child, Jolly Jean Jones. Milton Jones answered and by cross-action asked for annulment of the marriage between the parties. He alleged as grounds that the marriage was accomplished by conspiracy, duress, pressure, intimidation and force; that Betty Marie Jones filed a complaint falsely charging him with the crime of seduction in a justice court of Nueces County at a time when he was involved in a political race and as a result of such intimidation, force and duress he was induced to marry appellant. The case was tried before the court without a jury on the issues raised in the cross-action. Judgment was entered annulling the marriage, declaring same to be void ab initio, and denying appellant's prayer for divorce. Betty Marie Jones has appealed.

Appellant Betty Marie Jones contends in numerous points that the trial court erred in annulling her marriage to Milton Jones. She urges that there was no evidence to support the judgment; that the court erred in finding that the complaint filed by her charging Milton Jones with the crime of seduction and the warrant of arrest issued by the Justice of the Peace constituted "actual and unlawful duress upon and against Milton Jones". The record shows that on August 7, 1956, when appellee Milton Jones was a candidate for public office appellant Betty Marie Jones did file a complaint in a justice court of Nueces County charging appellee with the crime of seduction. A warrant was issued for the arrest of appellee but the matter came to his attention before he was arrested and he contacted his lawyer who went with him to the office of the Justice of the Peace to investigate the matter. Appellee was not arrested or placed under bond but after some discussion with the Justice of the Peace he and his lawyer agreed that he would appear in court on the following Monday morning. Appellee and his lawyer did appear in the justice court on the following Monday morning at which time appellant Betty Marie Jones and her lawyer were also present. After considerable discussion between appellant and appellee and their lawyers, appellee secured a marriage license and he and appellant were married by the Justice of the Peace. Thereupon the charge of seduction against appellant was dismissed.

In our opinion appellant's points urging that the trial court erred in annulling the marriage are well taken. It has been held in numerous cases that a marriage entered into in order to avoid the consequences of a threatened criminal prosecution growing out of pre-nuptial relations between the parties may not be annulled. Johns v. Johns, 44 Tex. 40; Garcia v. Garcia, Tex. Civ.App., 144 S.W.2d 605; Merrell v. Moore, 47 Tex.Civ.App. 200, 104 S.W. 514; Gass v. Gass, Tex.Civ.App., 182 S.W. 1195; Marckley v. Marckley, Tex.Civ.App., 189

S.W.2d 8; 55 C.J.S. Marriage § 34, p. 875; 35 Am.Jur. 244; Huntley v. State, 98 Tex. Cr.R. 530, 266 S.W. 505. The facts in the Johns case are very similar to those in the instant case. There the marriage was consummated while Johns was under arrest for seduction. He was advised by officers of the law and by-standers that by marrying the girl he would be relieved of further prosecution. It was held that a marriage contract under such circumstances could not be annulled on the ground that it was induced by duress. It was stated by the court that:

> "The plaintiff appears to have understood that the marriage would cancel the offense with which he was charged and release him from custody. He knew whether he was guilty or not of the charge against him when he married, and he cannot now cancel the marriage and rid himself of his wife, as he did the prosecution, without showing a better reason for it than he has given in his petition."

The record in the instant case shows that appellee, Milton Jones, was never arrested or confined. There are no material facts in this case which distinguish it from the Johns case. There are no additional elements which raise a fact issue of fraud or duress. There are no allegations or evidence of force or of any unlawful threats or coercion. True, the charge against appellee was brought at a time when he was engaged in a political campaign, but in our opinion this additional element does not raise a fact issue of duress. The situation in which appellee found himself was obviously an uncomfortable one but the dilemma which confronted him was one for which he did not disclaim all responsibility. He knew at that time whether or not he was guilty of the offense with which he was charged. He now denies guilt of the offense of seduction, but does not deny having had sexual intercourse with the appellant prior to the marriage. He simply says that he does not believe

he was the father of the baby. He understood that if he married appellant the charge against him would be dismissed. Appellee had advice of legal counsel at the time of his marriage. He elected to marry the girl and bring the prosecution to an end. The evidence in our opinion does not raise an issue of duress.

The judgment of the trial court annulling the marriage between appellant and appellee is reversed and judgment is rendered for appellant. The cause is remanded for a trial upon the issues presented in appellant's petition for a divorce.