Dennis LAWSON et al., Appellants,

v.

W. B. BAKER et al., Appellees.

No. 13814.

Court of Civil Appeals of Texas.

Houston.

Nov. 16, 1961.

Pearson, Scherer & Roberts, Walton Roberts, Richmond, De Lange, Hudspeth & Pitman, C. M. Hudspeth, M. Marvin Katz, Houston, for appellants.

Strong, Baker & Heyburn, John Heyburn, Houston, Allen P. Fannin, Pasadena, H. Cecil Baker, Rosenberg, for appellees.

COLEMAN, Justice.

This is a suit for partition of land. Appellees claim an interest in the land in question through Santee Griffin. They contend that Santee Griffin acquired an interest in the land by inheritance from Annie Belle Griffin, his daughter. Appellants deny that Annie Belle Griffin was the daughter of Santee Griffin. The following issue was submitted to the jury:

"You are instructed that the law presumes a child born during wedlock to be the legitimate child of the husband and wife. Such presumption may be overcome by proof by the Defendants, that the husband did not have access to the wife at a time which would enable him to beget the child.

"Special Issue No. 1

"Do you find from a preponderance of the evidence that Santee Griffin was the father of Annie Belle Griffin?

"Answer 'We do' or 'We do not.'"

The jury answered, "We do not."

The trial court sustained appellees' motion to disregard the verdict of the jury and entered judgment for appellees.

It is conceded that the matter in dispute in this case is whether or not Santee Griffin was the father of Annie Belle Griffin. It is undisputed that Annie Belle Griffin was born while Santee Griffin was married to Hattie (Addie) Lawson, her mother. The evidence is disputed as to whether or not Annie Belle Griffin was conceived before or after the marriage.

The authorities are in agreement that there is a presumption that a child born during the existence of a legal marriage is legitimate. Gonzalez v. Gonzalez, Tex.Civ.App., 177 S.W.2d 328; Carnes v. Kay, Tex.Civ.App., 210 S.W.2d 882. Antenuptial conception does not weaken this presumption. Pinkard v. Pinkard, Tex.Civ.App., 252 S.W. 265; Moore v. Moore, Tex.Civ.App., 299 S.W. 653; Marckley v. Marckley, Tex.Civ.App., 189 S.W.2d 8. This presumption may be overcome by proof that the husband did not have access to his wife at the time of conception. Foote v. State, 65 Cr.R. 368, 144 S.W. 275; Marckley v. Marckley, supra; Groulx v. Groulx, 98 N.H. 481, 103 A.2d 188, 46 A.L.R.2d 994; Peoples National Bank of Greenville v. Manos Brothers, Inc., 226 S.C. 257, 84 S.E.2d 857, 45 A.L.R. 2d 1070; Carfa v. Albright, 39 Wash.2d 697, 237 P.2d 795, 31 A.L.R.2d 983.

Appellants introduced certain testimony for the purpose of proving nonaccess. Dennis Lawson, one of the appellants and the brother of Hattie Griffin, testified that

**573**

Hattie lived with him in Arcola; that the first time he remembered Santee coming to Arcola was in January, 1914; that his sister didn't know Santee before that time because Santee lived at Chenango (about 15 miles from Arcola); that his sister quit school in January, 1914, because she was pregnant; that she was eighteen years old at the time; that she married Santee March 22, 1914 and that Annie Belle was borne in June 1914, about three months after her marriage; that he didn't know whether Santee had ever been in his community or around his house prior to January, 1914. Santee Griffin was working in Duck, Texas, at the time of the marriage. Duck is about 1½ miles from Arcola.

Annie Belle Lawson, the wife of Dennis Lawson, testified that Santee first came to Duck, Texas, in 1914; that Santee had never seen Hattie before January of 1914; that Hattie became pregnant before she married Lawson in 1913. There was substantial contradictory testimony which the jury chose not to believe.

■ The only evidence which would support a jury finding of non-access was the testimony of Dennis Lawson that his sister did not know Santee Griffin before January, 1914, and that of his wife that Santee had never seen Hattie before January of 1914. These statements are obviously conclusions or opinions about a matter concerning which the witnesses could not have had firsthand knowledge. It would not be reasonable to assume that Dennis and Annie Belle Lawson remained constantly with Hattie Griffin so as to know of their own knowledge who she knew or had seen. Unless their testimony was based on hearsay, it appears they were testifying that so far as they knew Hattie did not know Santee before January, 1914. This amounts to a mere surmise and, therefore, is without probative value. American National Insurance Co. v. Dailey, Tex.Civ. App., 187 S.W.2d 716; United States Fidelity and Guaranty Co. v. Henderson, Tex. Civ.App., 53 S.W.2d 811; Leal v. State, 106

Tex.Cr.R. 68, 291 S.W. 226; Texas & N. O. Ry. v. Wood, Tex.Civ.App., 166 S.W.2d 141.

■ Testimony based on the statements of a husband or wife tending to prove nonaccess has no more probative force than the direct testimony of the husband or wife would have had, and will not support the verdict of a jury. Dennis Lawson testified for the purpose of a bill of exception that Hattie told him that she met Santee for the first time at church in January, 1914 and that she had never seen him before that time. This testimony was properly excluded by the trial court. Gonzalez v. Gonzalez, Tex.Civ.App., 177 S.W. 2d 328; Carnes v. Kay, Tex.Civ.App., 210 S.W.2d 882; Reed v. State, 222 Ark. 119, 257 S.W.2d 362, 38 A.L.R.2d 567; United States Fidelity and Guaranty Co. v. Henderson, supra; Lambert v. State, 124 Tex. Cr.R. 33, 60 S.W.2d 460.

■ Hearsay evidence has no probative force even though admitted into evidence without objection. Lewis v. J. P. Word Transfer Co., Tex.Civ.App., 119 S.W.2d 106, error ref.; Winn v. Federal Land Bank of Houston, Tex.Civ.App., 164 S.W. 2d 864, error ref.

■ Here an attempt is made to establish the fact of nonaccess by circumstantial evidence. In such a case the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference and should not be of such character as to permit of purely speculative conclusions. Green v. Texas and Pacific Ry. Co., 125 Tex. 168, 81 S.W.2d 669; McCrory's Stores Corp. v. Murphy, Tex. Civ.App., 164 S.W.2d 735, error ref.; Williams v. Rearick, Tex.Civ.App., 218 S.W. 2d 225.

■ To support a verdict there must be more than a mere scintilla of evidence. There must be evidence sufficient to warrant a reasonable belief in the existence of the fact sought to be inferred. Canode v.

**574**

Sewell, Tex.Civ.App., 182 S.W. 421; Kenyon v. Bender, Tex.Civ.App., 174 S.W.2d 110, error ref.; Missouri-Kansas-Texas Ry. Co. v. Roegelin Provision Co., Tex. Civ.App., 260 S.W.2d 605, ref., n. r. e.

Appellees assert that appellants have no standing in court to assail the legitimacy of Annie Belle Griffin. The evidence shows that no attack on her legitimacy was made by Santee Griffin and his wife, Hattie Griffin. They lived together for years after her birth. Both appellants' and appellees' claim to the land in dispute is derived from Annie Belle Griffin. Appellees' position is supported by Byrd v. Travelers Insurance Company, Tex.Civ.App., 275 S.W.2d 861, and Morton v. Morton, Tex.Civ.App., 286 S.W.2d 702, but we prefer not to base the decision in this case on those authorities.

 Under our decisions, the controlling issue for decision by the jury was whether or not it was impossible for Santee Griffin to be the father of Annie Belle *by reason of nonaccess.* The record is silent as to whether or not Annie Belle was born after a normal nine months pregnancy. Considering the testimony in the light most favorable to appellants, it would establish that Annie Belle was born in the latter part of June, 1914, or approximately six months after Santee met Hattie, according to the testimony of appellants' witnesses. Because of the undisputed testimony that the child was born in lawful wedlock, it was necessary that appellants secure a jury finding that Santee Griffin did not have access to Hattie Lawson during the period of possible conception prior to their marriage. The instruction given to the jury in connection with the special issue submitted might have been construed by them to mean that the child must have been conceived during wedlock. Since the jury believed that Santee Griffin was not the father of Annie Belle, it is possible that they rationalized the instruction given by the court to the effect that the presumption of legitimacy could be overcome by proof

that the *husband* did not have access to the *wife* at a time which would enable him to beget the child to mean that if at the time the child was conceived there was no husband and no wife in a legal sense, they should answer the issue as they did. The answer made by the jury, therefore, does not necessarily depend on a fact finding of no access. The answer of the jury to the special issue submitted, that Santee Griffin was not the father of Annie Belle Griffin, is not sufficient to rebut the presumption of legitimacy arising from birth in lawful wedlock. This Court cannot imply that the trial court made a finding of fact on an omitted issue which would not support the judgment which he rendered, Ingram v. Ingram, Tex.Civ.App., 249 S.W.2d 86, even if it could be considered an element of the issue submitted.

The judgment of the trial court is affirmed.