Norman SCHLANG, Appellant,

v.

Jacqueline SCHLANG, Appellee.

No. 15009.

Court of Civil Appeals of Texas.

Houston.

April 20, 1967.

Rehearing Denied May 11, 1967.

Norman Schlang, pro se.

Murray L. Lieberman, Houston, for appellant, on motion for rehearing.

Carol S. Vance, Dist. Atty., James L. Muldrow, Asst. Dist. Atty., Houston, for appellee.

WERLEIN, Justice.

This is an appeal from the judgment of the Court of Domestic Relations No. 2 of Harris County, Texas, rendered under the Uniform Reciprocal Enforcement of Support Act, decreeing that appellant, Norman Schlang, pay the sum of $100.00 per month for the support and maintenance of his child, Cynthia Lynn Schlang, born May 18, 1964. The court decreed that the support payments beginning July 25, 1966 be paid to Harris County Support Department in Houston for transmittal to Family Court, State of New York, Nassau County, Westbury, New York. Appellee's petition for support, with all necessary attachments, was filed on May 18, 1966 in the office of the District Clerk of Harris County, Texas.

Appellant represented himself without the aid of counsel in the trial court, and is so representing himself on this appeal. Pursuant to the order of this Court he has rebriefed his case, but his amended brief filed herein consists in large part of irrelevant matters making it very difficult to sift out any alleged assertions of error on the part of the trial court pertinent to the evidence adduced at the trial. It is elementary that in passing upon appellant's points of error, this Court is restricted to the record before it. We are not authorized to consider statements in appellant's brief that are wholly outside the record and wholly unsupported by the evidence adduced at the trial.

Appellee's petition filed under the Uniform Support of Dependents Law of the State of New York, which is similar to the Texas Uniform Reciprocal Enforcement of Support Act, was accompanied by a copy of the New York Act duly certified. Said petition with its appendages was duly

served on appellant, a resident of Harris County. Appellant filed his answer and motion to dismiss, a memorandum of points and authorities in support of such motion, and a "Declaration in Explanation of Respondent's Proceeding in forma pauperis." None of such documents was verified. The trial court found on the hearing of appellee's verified petition for support that appellant owed a duty of support of his minor child, Cynthia Lynn Schlang, and ordered payments as hereinabove stated. The case is before us on an agreed statement of facts, the pertinent part of which is here set out verbatim:

"The Respondent immediately stated to the Court that a Motion to Dismiss, previously submitted to the Court by the respondent, had not been acted upon; the Court thereupon inquired of Petitioner's legal representative whether or not he had received copies of said Motion, and said representative answered, yes: The Court then ORDERED Respondent to proceed, and at that time Respondent asked, 'does the Court desire depositions to be taken of the Petitioner or if service upon Petitioner of interrogatories should be made:' Thereupon, Respondent stated that under the Uniform Support of Dependents Law of the State of New York that he had a right to file cross-interrogatories. At this juncture, Petitioner's legal representative interposed and stated that he had no objections to the filing of cross-interrogatories by the Petitioner. The Court then inquired of respondent as to whether or not he had ever been married to Petitioner, and he testified that he had; that a divorce decree had been awarded Petitioner and Respondent in the State of California on or about September 28, 1965. The Court then asked Respondent "whether or not the California divorce decree made a final determination as to whether or not a child was born to Petitioner and Respondent during their marriage?" The Respondent then replied 'that the California Court had determined that a child,

CYNTHIA LYNN SCHLANG, was born on May 18, 1964, and that he appeared personally and contested the same, but the California Court's only interest was for child support and his spouse's attorney fees, and that his purpose was to contest the paternity of said child in that proceeding, and that his purpose now is to contest the paternity of said child in this proceeding,' and Respondent further demanded the right to do so by filing cross-interrogatories for Petitioner, JACQUELINE SCHLANG, in the State of New York to answer. The Court overruled Respondent's request and ruled that 'the paternity of the minor child, CYNTHIA LYNN SCHLANG, was res adjudicata, inasmuch as Respondent was personally present at the hearing in the California divorce action. The Respondent then presented the argument to the Court that the Court was without Jurisdiction to adjudicate such matters or to make an order of support, and stated, 'that there had been a previous order in the California divorce decree, which prohibited the Petitioner, JACQUELINE SCHLANG, from removing the minor child, CYNTHIA LYNN SCHLANG, from the State of California to the State of New York, or any other State;

"Thereupon, Respondent, NORMAN SCHLANG, argued to the Court, that for the Court to make and enter an order of support requiring him to pay child support to Petitioner, for the benefit of said child, violated his constitutional rights of the U. S. Constitution, in that such an order indirectly compels him to contribute money to a religious belief unorthodox to his, that the child CYNTHIA LYNN SCHLANG, was being brought up and taught a religious order different than his. The Court then inquired, 'whether or not his former wife JACQUELINE SCHLANG, had been awarded legal custody of the minor child, CYNTHIA LYNN SCHLANG, in the California divorce decree.' Respondent replied,

'yes'. The Court then overruled this argument and stated that, 'the issue of religion was not germane to the issues raised in this cause of action,' and the Court further ruled that the primary issue was 'whether or not Respondent, NORMAN SCHLANG, owed a duty of support.' The Court then inquired of the Respondent, whether or not he was ordered to pay child support in the California divorce action, and he replied, 'Yes,' one hundred ($100) dollars per month, but that subsequent actions and contempt proceedings in the State of California adjudicated his non-liability for support, and Respondent cited California cases in support thereof. Then the Court asked Respondent, 'whether or not he was employed, and he announced 'Yes.' The Court thereupon ruled and so ordered the Respondent, NORMAN SCHLANG, to pay the sum of $100 per month as child support, beginning July 25, 1966; to be paid through the Harris County Probation Department, and further ORDERED him to make a like payment in the amount of $100 on the 25th day of each succeeding month thereafter for the support of said minor child. To this ruling the Respondent took exception, and announced in open Court, on said date, that he was filing Notice of Appeal."

Appellant was the only witness who testified at the hearing. The evidence adduced at the trial amply supports the court's finding that appellant owes a duty of support of his minor child, and also supports the judgment entered by the court. As near as we can determine from appellant's brief, he contends that the trial court should have transmitted his answer to appellee's petition to the Court in the State of New York, the initiating state; that appellee was not entitled to bring suit in the initiating state because the final judgment of divorce between the parties was in the State of California; that appellant was denied the right to cross-examine appellee by taking depositions and filing interrogatories; that appellee was not entitled to any relief because

she was the deserting party, and came into court without clean hands, and denied appellant access to the child; that it was not established that appellant was the father of the child; that the trial court entered its order without considering the financial circumstances of the parties; that the court erred in requiring appellant to support a child in a faith inimical to his religion, the one in which he and appellee were married; that he did not have the benefit of counsel and that the atmosphere of the court was characteristic of totalitarianism and not that of a free society. But for the fact that appellant had no counsel representing him, we would be inclined to overrule all of the foregoing points summarily as being without merit.

██ There is nothing in the record to show that appellant was ever denied counsel or the right to counsel, or the right to file interrogatories or to take depositions. The laws of this State provide adequate methods for the taking of depositions and the filing of interrogatories. Instead of taking any action to obtain the testimony of appellee by depositions or interrogatories, appellant at the hearing asked the court whether the court desired depositions to be taken of the petitioner or if service upon petitioner of interrogatories should be made. The statement of facts shows that the trial court ascertained that appellant was employed. Based upon such fact and the further fact that the California court had ordered appellant to pay child support in the sum of $100.00 per month and there was no evidence with respect to any change in appellant's ability to pay such amount, the trial court ordered that appellant pay such amount monthly. Appellant was in court and could have offered evidence of his inability to pay the amount ordered by the court, if he was in fact unable to pay the same. It is too obvious for discussion that the religious faith of appellee and that of appellant cannot be considered in determining whether appellant has a duty of support of his minor child. Appellant's testimony was that the paternity

of the child was adjudicated in the divorce proceedings by the court in the State of California, and hence was res adjudicata. Furthermore, appellant offered no evidence of non-access.

 The law is well settled that the presumption that a child born during marriage is legitimate cannot be rebutted by the testimony of the husband or wife that sexual intercourse did not take place between them. Simon v. State, 1892, 31 Tex. Cr.R. 186, 20 S.W. 399; Meyer v. State, Tex.Cr.App., 41 S.W. 632. "Nor may any declarations of the husband or wife be received for the purpose of showing non-access or otherwise assailing the legitimacy of the child." McCormick and Ray, Texas Law of Evidence, page 112, Sec. 90, and cases cited. The presumption of the fact of legitimacy of a child is one of the strongest known to the law. As stated in Pinkard v. Pinkard, Tex.Civ.App., 252 S.W. 265, "To bastardize a child born in lawful wedlock, the most clear and conclusive evidence of nonaccess is required." There was no such evidence in the instant case. See also Lawson v. Baker, Tex.Civ.App., 1961, 351 S.W. 2d 571; Byrd v. Travelers Insurance Co., Tex.Civ.App., 275 S.W.2d 861, writ ref., n. r. e.

 Appellant has misconstrued the procedure which must be followed in proceedings under the Uniform Reciprocal Enforcement of Support Act. There is no requirement under the Texas Act which governs the hearing in Texas that the trial court transmit appellant's answer to New York, the initiating state; nor does the fact that the final judgment of divorce was decreed in California prevent appellee from bringing her suit for child support in New York, the initiating state. The function of the certificate of the court of the initiating state is to establish that such court upon examination of the plaintiff's petition has found such probable duty of support as to warrant transmittal of the petition, certificate and a copy of the Support Act to the court of the responding state. The court of the responding state then holds a hearing, after proper notice or service of process upon the defendant, to determine whether a duty of support actually exists and if so, it enters the proper orders. The statements made in the certificate, based upon the plaintiff's petition, and without notice to the defendant, are not to be considered by the court of the responding state as evidence of the facts alleged in the plaintiff's petition. See 42 A.L.R.2d, p. 768, for annotation on the Uniform Reciprocal Enforcement of Support Act, and authorities there cited.

The record does not reflect that the trial court accepted appellee's statements in her petition for support as evidence of facts alleged in such petition or that the trial court in rendering its decision considered the certificate as constituting any evidence of probative force. The record indicates that the trial court understood and followed the proper procedure. Neff v. Johnson, 391 S.W.2d 760, Tex.Civ.App.1965, n. w. h.

Judgment affirmed.

COLEMAN, J., not sitting.