**Fred JOPLIN, et al., Appellants,**

v.

**Mitt MEADOWS, Appellee.**

No. 8906.

Court of Appeals of Texas,
Texarkana.

Sept. 8, 1981.

Charles A. Allen, Allen & Solomon, Marshall, for appellants.

Jim Ammerman, II, Marshall, for Mitt Meadows.

Max Sandlin, Huffman & Palmer, Marshall, ad litem for unknown heirs.

Max Proctor, Marshall, for John Holman.

CORNELIUS, Chief Justice.

This is an application to determine the heirship of Loraine Gregg Peterman, deceased. Mrs. Peterman died intestate on October 24, 1979, in Harrison County. She left no surviving child or husband. Her nearest relative was her only brother, Eugene Gregg, who died before she did and who left surviving an alleged son, Clifford (Mitt) Meadows. Appellants, Fred Joplin, Lizzie Singleton, Ethel Bell Brown, Lessie Reeves and Donita Fowler, are the cousins of Mrs. Peterman. They contended that Mr. Meadows was not the legitimate son of Eugene Gregg. If he was Eugene Gregg's legitimate son and therefore the nephew of Mrs. Peterman, he would be her heir at law and would take before her cousins, the appellants. Tex.Prob.Code Ann. § 38(a)4 (Vernon 1980). Mr. Meadows' mother was Mamie Spearman. Mamie Spearman and Eugene Gregg were married on November 10, 1923. Mr. Meadows was born to Mamie Gregg on December 28, 1925. Mamie and Eugene Gregg were divorced on July 13, 1931. Eugene Gregg then married Bernice Douglas in 1941. Bernice Douglas Gregg has not been located and it is not known whether she had any children by Eugene Gregg, although Fred Joplin testified that they had no children.

The trial judge entered judgment that Mr. Meadows was the son of Eugene and Mamie Gregg and thus the nephew and only heir of Mrs. Peterman.

Appellants present two points of error. The first point contends that the trial court erred in concluding that Mr. Meadows was the legitimate son of Eugene and Mamie Gregg. In support of this point, they assert that Mr. Meadows admitted in his testimony that his father was Jessie Meadows rather than Eugene Gregg. They also argue that the divorce petition filed by Mamie Gregg establishes a lack of access between her and Eugene Gregg at the time of Mr. Meadows' conception, because it alleges that Eugene Gregg abandoned Mamie Gregg the day after they were married. Mr. Meadows was born some twenty-five months later.

Mr. Meadows was born during the time Eugene and Mamie Gregg were lawfully married. The law therefore raises a presumption that he was their child. Tex. Fam.Code Ann. § 12.02(a) (Vernon 1975); *Blacksher v. Blacksher*, 575 S.W.2d 105 (Tex.Civ.App.—Waco 1978, no writ); *Wedgman v. Wedgman*, 541 S.W.2d 522 (Tex.Civ. App.—Waco 1976, writ dism'd); *Zimmerman v. Zimmerman*, 488 S.W.2d 184 (Tex. Civ.App.—Houston 14th Dist. 1972, no writ); 2 Speer's, Texas Family Law § 13.4 (5th ed. 1981); 1 R. Ray, Texas Law of Evidence § 90 (Texas Practice 3d ed. 1980). This presumption of legitimacy is one of the strongest known to our law and it can be rebutted only by clear and convincing evidence showing the impossibility that the child was sired by the presumed father.

*Pinkard v. Pinkard*, 252 S.W. 265 (Tex.Civ. App.—Beaumont 1923, no writ); *Esparza v. Esparza*, 382 S.W.2d 162 (Tex.Civ.App.— Corpus Christi 1964, no writ); *Barnett v. Barnett*, 451 S.W.2d 939 (Tex.Civ.App.— Beaumont 1970, writ dism'd); *Lawson v. Baker*, 351 S.W.2d 571 (Tex.Civ.App.—Houston 1961, no writ). Since the decision in *Davis v. Davis*, 521 S.W.2d 603 (Tex.1975), it has been permissible for the spouses to testify to facts showing such impossibility. The ruling in *Davis* represented a departure from Lord Mansfield's Rule which had been followed in Texas and other common law states for many years. However, even after the *Davis* decision the testimony or other evidence relied upon to prove the illegitimacy of a child born during marriage must still clearly establish either non-access or impotency. *Schlang v. Schlang*, 415 S.W.2d 28 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.); *Marckley v. Marckley*, 189 S.W.2d 8 (Tex.Civ.App.—San Antonio 1945, no writ); *Pinkard v. Pinkard*, supra. The *Davis* decision did not relax that requirement; it only allowed the proof to be made by the spouses. *Davis v. Davis*, supra at 608.

■ There is no clear and convincing evidence in this record that Clifford (Mitt) Meadows was not the child of Eugene and Mamie Gregg. The contention that Mr. Meadows judicially admitted that Eugene Gregg was not his father is without merit. A reasonable interpretation of his testimony is that when he said his father was Jessie Meadows, he was referring to the man who married his mother and whose name he took when he was five or six years old. Neither was the allegation of abandonment in Mamie Gregg's divorce petition competent evidence of non-access. First, the recitations of the petition, as well as of the decree of divorce itself, were merely hearsay and of no probative value unless they were otherwise admissible as exceptions to the hearsay rule. *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.1963); *Davis v. Zapata Petroleum Corporation*, 351 S.W.2d 916 (Tex. Civ.App.—El Paso 1961, writ ref'd n. r. e.). The allegation could not constitute an admission because Mamie Gregg was not a

party to this suit. *Hartford Accident and Ind. Co. v. McCardell*, supra; 1A R. Ray, Texas Law of Evidence § 1121 (Texas Practice 3d ed. 1980). Second, those recitations and allegations, even if probative, would not conclusively negate the possibility of access between Eugene and Mamie Gregg at some time consistent with the conception of Mr. Meadows.

■ The second point of error asserts that the court erred in its implied finding that Eugene Gregg was not survived by his second wife, Bernice. The only evidence that Bernice is still alive was the testimony of Fred Joplin at the hearing on appellants' motion for new trial to the effect that Bernice had telephoned him a few days earlier. There was evidence from other witnesses that Bernice had not been heard from for many years and could not be located after great effort. In any event, this is not a matter of which the appellants can complain. If Bernice Gregg is indeed alive and is the surviving wife of Eugene Gregg, she would not be an heir of Mrs. Peterman. Eugene Gregg was already dead when his sister, Mrs. Peterman, died. At Mrs. Peterman's death, then, her estate by-passed her deceased brother and vested immediately and directly in his descendants in their own right, and no part of it would vest in Bernice Gregg. See: *Ingram v. Medford*, 440 S.W.2d 391 (Tex.Civ.App.—Texarkana 1969, no writ); *Mow v. Baker*, 24 S.W.2d 1 (Texas Com.App. 1930, holding approved); Tex. Prob.Code Annot. Sec. 38 (Vernon 1980). Even if Bernice Gregg had been an heir of Mrs. Peterman, that fact could not operate to vest any share of the estate in any of the appellants. They could only gain if it was established that Eugene Gregg had no child, and we have already ruled that the trial court's finding that Mr. Meadows is Eugene's child is not erroneous and is supported by the evidence. The appellants, therefore, do not have a justiciable interest in the issue of Bernice Gregg's standing and cannot complain even if the court's finding with regard to her status is in error. *Pike v. Crosby*, 472 S.W.2d 588 (Tex.Civ.App.— Eastland 1971, no writ); *Glass v. Carpenter*,

330 S.W.2d 530 (Tex.Civ.App.—San Antonio 1959, writ ref. n. r. e.); 44 Tex.Jur.2d *Parties* § 7 at 146, 147.

For the reasons stated, the judgment of the trial court is affirmed.