Robinson, Appellee, *v.* Robinson, Appellant.

[Cite as Robinson v. Robinson, 8 Ohio App. 2d 235.]

(No. 7563—Decided March 24, 1964.)

*Mr. Earl W. Allison,* prosecuting attorney, and *Mr. Victor E. Vaile, Jr.,* for appellee.

*Mr. Paul M. Jones,* for appellant.

TROOP, J.   This appeal is from a judgment and final order of the Court of Common Pleas of Franklin County, Division of Domestic Relations, entered October 21, 1963, following a hearing under the Uniform Support of Dependent's Act, Chapter 3115, Revised Code.   The court found that the plaintiff in the action, Eleanor Jean Robinson, and the defendant, Ernest Paul Robinson, were married, are the parents of three minor children and that the defendant had a duty to and is liable for the support of the minor children.   The court further ordered that the defendant pay the plaintiff the sum of $150 per month and directed how payment should be made.

Appellant lists eight assignments of error as the basis of his appeal, the first of which is addressed to the jurisdiction of the court.   It is claimed that the "Juvenile" Branch of the Division of Domestic Relations of the Court of Common Pleas had no constitutional or statutory authority to hear the instant case.

The petition before the trial court was filed in accordance with the provisions of Section 3115.01 *et seq.,* Revised Code, and it is to that chapter we look for the authority of the court.   Section 3115.01, Revised Code, provides the definition of the term "court" when it appears in the chapter.   According to subparagraph (D), court means "any court of record."   That the Court of Common Pleas is a court of record should stand without question.   It follows that any division or branch thereof is a court of record.

Appellant urges, as his second assignment of error, that Ernest Robinson was not properly before the court because he was only "cited" to appear, which method is improper in an action in "Juvenile" Court where actions are criminal and re-

quire service of summons. Section 3115.08, Revised Code, is controlling and it requires "notice and/or summons," the time and the place for a hearing to be set out therein, as the proper procedure. There are many definitions of the term "citation" in "Words and Phrases," some of which recognize the term as synonymous with notice, while others suggest a sterner import. Only a hint as to the attitude of Ohio appears in the general index to Page's Revised Code. Under "Citation" we find the direction, "(See also Notice)." The notions of the editors of the Code cannot be regarded as authority, but there is support for the idea. We hold that a "citation" is such a notice as is required by Section 3115.08, Revised Code, and that the defendant in the trial court was properly before it.

The third assignment of error proposed by appellant is that the court should have dismissed the case on the ground that it was *res judicata*, contending that this same matter was before the court in a former case and resolved by a dismissal of the action following appeal. Counsel relies upon syllabus paragraph four in the case of *Norwood* v. *McDonald et al., Admrs.* (1943), 142 Ohio St. 299, as authority to support this claim of error. It is noted that the cited case involves the title to real estate. Our position is that there is nothing in the law, or within the range of reason, to indicate that the basic needs of minor dependent children are ever *res judicata*. Their need for food, shelter, clothing, and education are persistent and ever recurring. There is no conflict with the holding in the *Norwood case, supra,* in which the court held that one of the primary tests to be used, when examining the applicability of the doctrine of *res judicata,* is whether "the identity of investive facts creating the right of action" are the same in each case. We hold that the needs of children for the sustaining of life with reasonable comfort are not the same needs today as they were last week. *Res judicata* can never be a valid defense to an action for the support of minor children filed against a father legally liable to provide that support.

Appellant asserts a right to be confronted by witnesses in the matter, assuming the proceeding to be criminal in nature. Counsel supports this view by further reference to the action being heard in "Juvenile" Court. It was heard in a court of record as required by the special statute enacted to meet a

difficult social problem. That statute is controlling and whether the action bears a particular label on the papers in the file makes no difference whatever in determining the validity of the procedure. Under Chapter 3115, Revised Code, the heading of documents in the file could be "Municipal Court of Columbus," as well as the title as it appears, including "Juvenile Branch." The requirement is that a "court of record" must entertain the action. It is not necessary to determine whether the action be criminal or civil, but there is no penalty section included in the applicable chapter and, therefore, the action can be nothing more than civil.

The remaining four assignments of error are totally unsupported in that nothing in the record before us indicates failure to comply with the chapter under which the action is brought, and nothing in the conduct of the two judges appears to be error prejudicial to the defendant. Assignments of error five through eight are overruled.

The judgment of the trial court is affirmed and this appeal dismissed at appellant's costs.

*Judgment affirmed.*

DUFFY, P. J., and BRYANT, J., concur.