THE STATE OF PENNSYLVANIA, EX REL. STOBIE, APPELLANT, *v.* STOBIE, APPELLEE.

[Cite as Pennsylvania, ex rel. Stobie, v. Stobie, 3 Ohio App. 2d 18.]

(No. 5495—Decided November 12, 1964.)

*Messrs. Alpeter, Diefenbach & Davies,* for appellant.
*Messrs. Bailey, Bailey, Bayer & Bayer,* for appellee.

HUNSICKER, P. J.   This is an appeal on questions of law from a judgment entered by the Court of Common Pleas, Division of Domestic Relations, of Summit County, Ohio.

On August 15, 1963, certain papers from the Commonwealth of Pennsylvania were filed in the Common Pleas Court of Summit County, Ohio.  These papers were certified as being copies of a petition (designated "Certificate of Judge, Complaint for Support") in an action to enforce a duty of support, duly filed and docketed in the office of the Clerk of the County Court of Allegheny County, Commonwealth of Pennsylvania. Such papers were filed under the terms of the "Support of Dependents" Act adopted by the state of Ohio, effective October 5, 1955, and designated as Chapter 3115, Ohio Revised Code.

The petition says, in substance, after deletion of a claim

for support of an adult child, that John G. Stobie deserted his wife, Dorothy M. Stobie, in Pennsylvania, and some time thereafter moved to, and is now a resident of, Summit County, Ohio. The petition says, too, that John G. Stobie owes his wife, Dorothy M. Stobie, support; and that he has failed and neglected to provide her with support since September 15, 1962. Further, the petition asks that an order be made against Mr. Stobie for the support of Mrs. Stobie.

This is not an alimony action brought by an Ohio resident, but an action under the above-mentioned uniform support act adopted by nearly all of the states of the Union.

The trial court dismissed the petition on the grounds,

"First: That the petition as amended, does not state facts constituting a cause of action.

"Second: That the court is without jurisdiction of the subject matter."

Our sole inquiry here is to determine whether, under the existing law, a legal right exists for a court in Ohio to entertain a petition of this nature. We do not have before us the question of the ultimate right to support, or whether Mr. Stobie, under the law, was justified in his alleged failure to support his wife. Our question is: May this petition be entertained by the Court of Common Pleas of Summit County, Ohio?

We look then to Sections 3115.01 to 3115.22, inclusive, Ohio Revised Code.

There have been but few Ohio pronouncements concerning the support of dependents law. Judge Skeel, presently sitting on this panel of judges by special assignment, said, in the case of *Skinner* v. *Fasciano,* 75 Ohio Law Abs. 409, at page 411, that the Support of Dependents Act must be liberally construed, and that one of its purposes "is to enforce the civil liability against one who is in default of his obligation of support imposed by law and who has left the jurisdiction of the state where those who are entitled to such support reside * * *."

An examination of the law of Pennsylvania shows that a husband is required to support his wife if separated from her without reasonable cause, and being of sufficient ability. Title 48, Marriage, Section 131, Purdon's Pennsylvania Statutes. In May, 1951, Pennsylvania also adopted the Uniform Support of Dependents Act. Title 62, Miscellaneous Laws, Purdon's Penn-

sylvania Statutes, Sections 2043.01 to 2043.19, inclusive, with amendments adopted 1963.

Ohio also requires by statute a husband to support his wife, subject to certain qualifications not presently applicable herein. Section 3103.03, Ohio Revised Code.

Thus, both states, Ohio and Pennsylvania, require, in the first instance, that a husband support his wife. This obligation is fixed by statute. Also, both states have adopted the Uniform Support of Dependents Act which, in effect, permits a state to certify a claim for support by civil action to one of the sister states where the alleged obligor husband resides. The claimant wife, not being a resident of the state where the alleged obligor husband resides, could not bring an action for alimony because such claimant wife lacks the residence requirements.

The Support of Dependents Act, as adopted in Ohio, says that: "The remedies provided by Sections 3115.01 to 3115.21, inclusive, of the Revised Code, are in addition to, not in substitution for, any other remedies." Section 3115.22, Ohio Revised Code.

We conclude, therefore, that the Ohio Support of Dependents Act provides a mode for the redress of the specific grievances claimed for the act, to wit: a way to collect support for a dependent, nonresident wife who resides in a state which has adopted the Uniform Support of Dependents Act, and which also requires by law that the husband support his nonresident wife, unless under the law he is relieved of that obligation.

We determine herein that the petition designated "Certificate of Judge" and "Complaint for Support" filed herein does state a good cause of action, and the trial court does have jurisdiction to entertain the cause.

The judgment must be reversed, and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, J., and SKEEL, C. J., concur.

SKEEL, C. J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.