Willie Carl WEDGMAN, Appellant,

v.

Anna Louise WEDGMAN, Appellee.

No. 5639.

Court of Civil Appeals of Texas,
Waco.

Sept. 9, 1976.

Rehearing Denied Oct. 7, 1976.

Bradley & Geren, Groesbeck, for appellant.

Cannon, Canon & Reed, Groesbeck, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Willie Carl Wedgman from judgment granting petitioner Anna Louise Wedgman a divorce; finding William Wesley Wedgman was a child of the parties marriage; appointing appellee managing conservator; and requiring appellant to pay $20. per week support for the child.

Appellee sued appellant for divorce alleging among other matters that the parties were married July 20, 1971; separated on November 15, 1975; that William Wesley Wedgman was born to the marriage July 14, 1974.

Appellant answered that petitioner "has admitted that the son William Wesley Wedgman, born July 14, 1974 is not the child of [appellant], but that Larry Gene Taylor is the father of said child"; that William Wesley Wedgman is not the child of appellant; and that appellant should not be required to pay support for the child.

Appellant did not allege "non-access" or "impotency", and the record reflects he did not rely on same.

Trial was before the court which granted appellee divorce, found the child William Wesley to be child of the parties, and required appellant to pay $20. per week child support.

Appellant appeals on 8 points contending the trial court erred:

1) In refusing permission to appellant to introduce evidence appellee had declared in her own writing that her son William Wesley, born July 14, 1974 was fathered by her lover Larry Gene Taylor and not by appellant.

2) In refusing permission to appellant to make a bill of exceptions showing appellee had declared in writing that appellant was not the father of the child.

3) In denying appellant the right of fact finding by the court on whether the child was the offspring of appellant or Larry Gene Taylor.

4) In requiring appellant to pay child support for the child.

Appellant tendered in evidence a diary type notebook written by Anna Louise Wedgman telling of her love affair with Larry Gene Taylor. It stated in appellee's handwriting: "July 14, 1975. Mine and Larry's baby was a year old today; * * * Larry, our son looks more like you day by day." The trial court excluded the evidence, and refused to permit appellant to make a bill of exceptions on the exclusion.

The diary notebook in the handwriting of appellee is before us, having been attached to appellant's brief.

 A child born in lawful wedlock is presumed to be legitimate. The presumption of legitimacy is one of the strongest known to the law. Only a finding of non-access (or impotence) would overcome the presumption that the child was the legitimate issue of the lawful marriage during which it was conceived and born. *Zimmerman v. Zimmerman*, CCA (NWH), 488 S.W.2d 184.

In the case at bar the child was born three years after the parties married, and the parties did not separate for a year and a half after the birth of the child. There is no pleading, evidence or reliance on "non-access" or "impotency" by the appellant.

 If the wife is living with the husband as here, at a time when by the laws of nature the husband might be the father of the child, the presumption is conclusive in favor of legitimacy. Even though the wife commit adultery with another, during such time period, such cannot be shown in evidence. Jones on Evidence, Vol. 1, p. 165, 4th Ed.

The document sought to be introduced, a statement by appellee that the child was fathered by Larry Gene Taylor is simply evidence of appellee's adultery with Taylor, and was not admissible.

*Davis v. Davis*, Tex., 521 S.W.2d 603, relaxed the Lord Mansfield rule to permit a spouse to testify as to non-access, but did not alter the requirement of evidence of non-access [or impotence], to bastardize a child conceived and born during lawful marriage of the spouses.

 It is normally reversible error to refuse a party the right to perfect his bill of exceptions. But where as here the record discloses the excluded evidence, and same is clearly inadmissible, the error is harmless. *Dorn v. Cartwright*, CCA, NRE, 392 S.W.2d 181; *Barrier v. Beavers*, CCA, NRE, 531 S.W.2d 191.

Appellant's points and contentions are overruled.

AFFIRMED.