David P. BLACKSHER, Appellant,

v.

Carolyn BLACKSHER, Appellee.

No. 5969.

Court of Civil Appeals of Texas, Waco.

Dec. 7, 1978.

Rehearing Denied Jan. 11, 1979.

Robert E. Hedicke, Upcher & Hedicke, El Paso, for appellant.

Martha B. Tanner, Tanner & Falkow, Inc., Daniel R. Rutherford, San Antonio, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant David P. Blacksher from that part of a divorce decree which found two children to be the legitimate children of appellant, and awarded appellee $750. attorney's fees.

Appellee Carolyn Blacksher filed suit against appellant David P. Blacksher, seeking divorce, to be appointed managing conservator of the parties' minor children David Christian and Brandy Faye, property division, child support and attorney's fees.

Appellant by answer denied the two children were his legitimate children, and cross petitioned for divorce and property division.

The trial court after hearing decreed divorce to appellee; found that appellant and appellee are the parents of two children 1) David Christian Blacksher born June 7, 1973 and 2) Brandy Faye Blacksher born June 28, 1974; appointed appellee managing conservator; appointed appellant possessory conservator; awarded appellee child support of $93.75 per month per child against appellant; divided the property of the parties; and decreed appellee $750. attorney's fees against appellant.

Appellant appeals on two points:

1) The trial court erred in finding "that both children (David Christian and Brady Faye) are the legitimate children of their father, David P. Blacksher".

2) The trial court erred in awarding $750. attorney's fees to appellee because there is no evidence of reasonableness of the attorney's fees requested.

Appellee was married to Sgt. James A. Dugan until her divorce from him on August 2, 1974. On August 2, 1974 appellee married appellant. David was born on June 7, 1973, and Brandy was born on June 28, 1974.

The two children being born during the marriage of appellee and Sgt. Dugan, are presumed to be the legitimate children of Sgt. Dugan. Only a finding of non access (or impotence) will overcome the presumption that a child is the legitimate issue of the lawful marriage during which it was conceived and born. *Wedgman v. Wedgman*, (Tex.Civ.App., Waco) Er.Dismd 541 S.W.2d 522; *Zimmerman v. Zimmerman*, (Tex.Civ.App., 14 Houston) NWH, 488 S.W.2d 184.

Appellant and Appellee commenced to date and have sexual relations in November 1972. In February 1973 appellant moved in with appellee, and they lived as man and wife. David was born on June 7, 1973; was a premature child; and was kept in an incubator for 2 days after birth. Brandy was born on June 28, 1974. Appellant acknowledges that Brandy is "absolutely, unequivocally" his child, but asserts he has "reasonable doubts that the little boy is not mine". Appellee was seeing only appellant from October 1972. Appellee testified Sgt. Dugan was not the father of either of the children: "There is no way; as a matter of fact Sergeant Dugan was overseas at that time [and] did not return until 1976".

Section 12.02(a) of the Texas Family Code provides: "A child is the legitimate child of his father if the child is born or conceived before or during the marriage of his father and mother".

Under the record we think the trial court authorized to find that appellee's husband Sgt. Dugan was overseas and had no access to her during all times pertinent to the birth of the two children, and that appellant is the legitimate father of both the children.

The record reveals that appellee agreed to pay her attorney $1000. attorney's fee, but could not afford to pay all of such bill; that appellee had been to her lawyer's office on numerous times for approximately an hour each time in connection with this case; that she had called her lawyer some 10 times over the telephone about this case; and that trial of the case involved contested issues and a cross action. The record reflects the reasonableness of the trial court's award of $750. attorney's fee. *Danache v. Danache*, (Tex.Civ.App., Waco) NWH, 296 S.W.2d 821; *Thompson v. Thompson*, (Tex. Civ.App., Ft. Worth) NWH, 380 S.W.2d 632; *Couch v. Couch*, (Tex.Civ.App., Waco) Er. Dismd, 315 S.W.2d 64.

Both appellant's points are overruled.

AFFIRMED.