**L. W. LISTER, Appellant,**

v.

**EMPLOYERS REINSURANCE CORPORATION, Appellee.**

No. B2115.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 14, 1979.

Rehearing Denied Dec. 5, 1979.

David L. Grissom, Jim Richards, Crawford & Grissom, Houston, for appellant.

Kurt T. Nelson, D. Craig Olivier, Vinson & Elkins, Houston, for appellee.

Before COULSON, JUNELL and SALAZAR, JJ.

JUNELL, Justice.

At the trial of this worker's compensation case in which employee Lister sued the defendant insurance company, the jury found that Lister's injury did not occur while in the course and scope of his employment. Judgment was rendered in favor of the insurance company, and Lister appeals

claiming error in the exclusion of certain evidence by the trial court. The evidence consisted of portions of a government study dealing with the disease allegedly contracted by the plaintiff in the course of his employment. The relevant portions were excluded on the appellee's objection that they contained opinions, conjecture and conclusions. We agree that such portions were properly excluded and affirm the judgment of the trial court.

At trial Lister attempted to prove that his condition of peripheral neuropathy was caused by working conditions at the place of his employment, the Shell Oil Refinery in Deer Park, Texas. To aid in this proof he offered into evidence a report prepared by the United States Department of Health, Education and Welfare Center for Disease Control—National Institute for Occupational Safety and Health (hereinafter the NIOSH report). The investigation for this report had been conducted at the same unit of the Shell refinery in which the plaintiff worked, and he had in fact been one of the subjects studied to determine the incidence of peripheral neuropathy in that particular unit.

Plaintiff tendered the report, except paragraph I, claiming admissibility as a government document under Tex.Rev.Civ. Stat.Ann. art. 3731a (Vernon Supp. 1978–1979). Appellee objected to this offer contending that medical and other opinions and conclusions expressed in the report rendered it inadmissible. Appellee later offered expert medical testimony to show that such opinions were subject to reasonable dispute. Portions of the report were admitted; other portions were excluded; and the court did not rule on one portion but requested the attorneys to obtain a ruling at a later time. Appellant made no further offer of the excluded evidence and did not later obtain the ruling requested by the trial court. Appellant bases his appeal on errors claimed in the exclusion of those portions of the report, exclusion of certain expert testimony and the alleged harm resulting therefrom. A review of the excluded portions of the report reveals that they are replete with conjecture, opinion and multiple hearsay statements.

■ The record reveals no limited tender of evidence made by appellant of any portion. When the trial court sustained appellee's objection and excluded portions of the report, it then became appellant's duty to separate any admissible from inadmissible portions. Upon his failure to do so, there is no error in the exclusion. *Luvual v. Henke & Pillot, Division of Kroger Co.*, 366 S.W.2d 831 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.).

■ Appellant contends that because the NIOSH report is a properly authenticated government document, and the requirements of article 3731a have been met, the court had no discretion to exclude it. That statute permits the introduction into evidence of official public records or certified copies of such records, and operates as an exception to the hearsay rule. The statute, however, does not abrogate the traditional requirements of relevancy, competency or materiality. Thus, properly authenticated government documents which contain hearsay, conclusions, conjecture and opinions are subject to exclusion on those grounds. *Texas Dept. of Public Safety v. Nesmith*, 559 S.W.2d 443 (Tex.Civ.App.—Corpus Christi 1977, no writ).

The excluded portions of the NIOSH report contain such incompetent statements. Appellant's failure to make a limited offer of admissible portions entitled the trial court to exclude the entirety.

Appellant's second and third points of error address the trial court's refusal to allow his medical expert to explain to the jury the sources on which his opinion testimony was based. Appellant contends that the doctor should have been allowed to testify that the sources of his opinion were the laboratory results which were the basis of the NIOSH report. He asserts that because the expert based his opinion on evidence which would be admissible under an exception to the hearsay rule, the expert should be allowed to explain that source.

At trial the doctor was asked to explain the sources and how he went about accumu-

lating the information. The doctor asked if he could first explain *why*, and the appellee's objection to the testimony to follow was sustained. Out of the presence of the jury the doctor explained that he had based his opinion not on the actual NIOSH report, but on the results of original laboratory tests performed at the request of NIOSH and provided to the doctor by NIOSH upon his request. Those reports consisted of clinical observations by the consulting neurologist of the laboratory data from the hospital laboratory, and of the tests performed by two private physicians.

 Appellant urges recognition of the rule that a qualified expert may relate sources on which he relied which are customarily relied on by experts in the field. We believe that to be a sound rule, but it does not help appellant in this case. The required predicate for introduction of such testimony is explained in the case of *Lewis v. Southmore Saving Association*, 480 S.W.2d 180 (Tex.1972). The court in that case stated that an expert may relate sources on which he relied which are generally recognized as reliable and regularly used in a trade or specialized activity by those persons engaged therein.

The court in *Loper v. Andrews*, 404 S.W.2d 300 (Tex.1966), explained the rationale for thus restricting medical opinion testimony. To protect the interests of the adversely affected parties, the opportunity for cross examination of the expert is an unusually important factor when the opinion is a "medical conjecture." When the testimony is of a condition not resting on demonstrable medical facts and about which there could be genuine dispute among doctors, the other party should be given the opportunity to challenge the conclusions contained in the proffered source. *Otis Elevator Company v. Wood*, 436 S.W.2d 324 (Tex.1968).

The testimony elicited out of the jury's presence established only that he, the plaintiff's expert, considered this laboratory data to be reliable. That testimony alone is insufficient to meet the *Lewis* test, particularly in light of the defendant's expert medical testimony that the causes of peripheral neuropathy are subject to considerable dispute among doctors. Any testimony elicited earlier in connection with the introduction of the actual NIOSH report cannot be used for the attempted introduction of the laboratory test results; they are not the same source. The predicate laid in reference to the laboratory data must stand alone under scrutiny, and it fails to meet the requirements. Thus, the trial court did not err in excluding testimony on the source of the expert opinion.

The appellant's burden on appeal is not only to show error, but to show that such error was calculated to cause, and probably did cause the rendition of an improper verdict. Tex.R.Civ.P. 434; *Coleman v. Pacific Employers Insurance Company*, 484 S.W.2d 449 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.). In the present case substantial portions of the NIOSH report were allowed into evidence by the trial court, containing statements advantageous and detrimental to both sides. Appellants' contention that the exclusion of the original lab data made the basis of the report so prejudiced the jury as to induce an incorrect verdict is without merit. Thus, even if there were technical error in the exclusion, such error was harmless.

Judgment of the trial court affirmed.