James Edward ETCHISON, Appellant,

v.

Sharon K. GREATHOUSE, Appellee.

No. 17598.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 21, 1980.

Marshall T. "Mitch" Gaspard, Houston, for appellant.

Steven Nelson, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE, J.

WALLACE, Justice.

This is a proceeding brought under the provision of the Indiana Reciprocal Enforcement of Support Act and prosecuted in

Texas pursuant to Chapter 21 of the Texas Family Code to establish a child support obligation. Texas Fam.Code Ann. (U.R.E.S.A.). The parties were married in Indiana in 1961, and divorced there in 1969. A child was born to petitioner in September of 1964. The Indiana divorce decree awarded custody of the child to petitioner, but ordered no support. Trial in the Texas proceeding was to the court which entered a judgment ordering respondent to pay $40.00 a week in child support. It is from this judgment respondent brings this appeal alleging error by the trial court in: (1) questioning the respondent and inviting the petitioner's attorney to make objections; (2) refusing to continue the case for further hearing and submission of evidence by both parties; (3) refusing to find the Indiana divorce judgment void because of fraud by petitioner; and, (4) violating respondent's due process rights by refusing to consider alleged adultery by petitioner as a defense in this support hearing.

Respondent contends by his first point of error that he was denied a fair and impartial trial by virtue of the trial court's actions of continually interrupting respondent's attorney, independently interjecting questions to the witness, and, inviting objections from petitioner's attorney. Respondent made no objection to those actions of the trial court.

■ A review of the record indicates that respondent's attorney attempted to elicit testimony from respondent concerning petitioner's conduct prior to their marriage in 1961; her alleged adultery during their marriage; and the obtaining of a divorce by petitioner by publication in 1969, when she knew that respondent was an inmate in a federal penitentiary in Indiana. None of this testimony was admissible in this case, so its exclusion was not error. The effect of the trial court's interruptions and inviting of objections by the petitioner's attorney was to prevent respondent's attorney from pursuing this line of testimony. Although we may not approve of the actions of the trial judge, we do not find the conduct complained of was calculated to cause

and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P.

Respondent contends by his second point that the trial court erred in refusing to find the Indiana divorce judgment void because of fraud by petitioner in obtaining citation by publication on respondent when she knew of his whereabouts.

■ This U.R.E.S.A. action was brought to establish respondent's duty to support his child, which duty existed independently of the Indiana divorce decree. Texas Family Code, Sections 12.02, 12.04(3), 21.21, and 21.-23. It is therefore irrelevant in this case whether respondent was properly served with citation in the Indiana case.

Respondent contends he presented evidence which constitutes defenses including:

(1) that he is not the father of the child;

(2) that the divorce judgment was procured by the fraud of appellee by obtaining service on respondent by publication when she knew of his whereabouts;

(3) that petitioner's husband had adopted by estoppel the child for whom support is sought; and,

(4) that petitioner has misinformed the court by claiming an indigent status.

■ Respondent did not move the court to take judicial notice of the laws of Indiana, so we must presume they are the same as Texas laws. Respondent testified that he and petitioner were married in 1961, the child was born September 19, 1964, and they were divorced in 1969. He further testified that he and petitioner lived together during the latter part of 1963, and January of 1964. He is conclusively presumed to be the father of the child. *Davis v. Davis,* 521 S.W.2d 603 (Tex.1975); *Blacksher v. Blacksher,* 575 S.W.2d 105 (Tex.Civ.App.— Waco 1978, no writ); *Wedgman v. Wedgman,* 541 S.W.2d 522 (Tex.Civ.App.—Waco 1976, writ dism'd).

■ Respondent asserts by his third point that the trial court erred in refusing to continue the case pursuant to Texas Family Code, Section 21.34, which states:

"If the plaintiff is absent from the responding state and the defendant presents evidence which constitutes a defense, the court shall continue the case for further hearing and the submission of evidence by both parties."

As stated above, any testimony concerning fraud in the securing of the Indiana divorce decree was irrelevant and would not constitute a defense to this action. Respondent did not show that he had standing to assert adoption by estoppel as a defense and, if he had done so, there was no admissible evidence offered on this point; nor did he offer any admissible testimony concerning petitioner's financial status. Since evidence constituting a defense was not presented by respondent, he was not entitled to a continuance under Section 21.34 of the Texas Family Code.

By his final point, respondent asserts that the court erred in not allowing him to present evidence (other than non-access or impotency) to establish he is not the father of the child for whom support is sought. The child was born during the marriage of petitioner and respondent.

Respondent cites no authority for his contention that the Equal Protection Clause of the Fourteenth Amendment gives him a constitutional right to contest his paternity of the child contrary to Texas laws.

■■ The law is well settled that a state may "classify its citizens into reasonable classes and apply different laws, or its laws differently, to the classes without violating the Equal Protection Clause of the Fourteenth Amendment." *Bjorgo v. Bjorgo,* 402 S.W.2d 143, 148 (Tex.1966). The United States Supreme Court in *Parham v. Hughes,* 441 U.S. 347, 351, 99 S.Ct. 1742, 1744, 60 L.Ed.2d 269, 274 (1979), discussed the general principle applicable to an equal protection attack. They stated:

"State laws are generally entitled to a presumption of validity against attack under the Equal Protection Clause, *Lockport v. Citizens for Community Action,* 430 U.S. 259, 272, 97 S.Ct. 1047, 1055, 51 L.Ed. 313. Legislatures have wide discretion in passing laws that have the inevita-

ble effect of treating some people differently from others, and legislative classifications are valid unless they bear no rational relationship to a permissible state objective."

"The highest consideration of public policy supplies every reasonable presumption in favor of legitimacy." *Byrd v. Travellers Insurance Company,* 275 S.W.2d 861, 863 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.). The law favors legitimacy. *Home of the Holy Infancy v. Kaska,* 397 S.W.2d 208, 213 (Tex.1965). We find that the presumption of legitimacy of a child born during the marriage of a man and woman, not negated by clear evidence of non-access or impotency of the man, is substantially related to a reasonable state objective; therefore, respondent's constitutional right of equal protection was not violated.

The judgment of the trial court is affirmed.