OPINION OF THE COURT
Arthur J. Abrams, J.
The above proceeding was commenced pursuant to the Uniform Support of Dependents Law (USDL; Domestic Relations Law, art 3-A) by petitioner, a California resident, on November 6, 1980, seeking an order of support in favor of Jeffrey George Lee (date of birth April 11, 1979). Petitioner and respondent were married in New York in 1977; thereafter, petitioner relocated to California, gave birth to the child herein, and obtained a California decree of divorce against the respondent in March, 1980. Prior to said entry of the final California divorce decree, but after the granting of an interlocutory decree of divorce, petitioner filed the instant proceeding. The interlocutory decree herein ordered support payments for the child in the sum of $250 monthly.
Respondent has denied the allegations in the petition herein and has moved for a blood-grouping test and a bill of particulars, alleging, inter alia, that he is not the father of the child for whom support is requested. The issue of the propriety of ordering such a blood-grouping test under the facts of this case has been duly presented to the court.
*624 It cannot be doubted that the defense of nonpaternity and the request for the ordering of blood tests matters are properly raised in a USDL proceeding. (Moore v Moore, 49 AD2d 768.) Since a USDL proceeding is largely procedural and is remedial in nature (Matter of Coniglio v Coniglio, 104 Misc 2d 491), any substantive issue recognizable in a Family Court Act article 4 proceeding is similarly recognizable in a USDL matter, inasmuch as the law of the responding State is controlling (Matter of Trent v Loru, 57 Misc 2d 382). At issue herein is not whether a blood test can be ordered or whether paternity can be challenged in a USDL proceeding, but whether under the facts herein, the respondent is bound by the California judgment that ordered support and is therefore precluded from challenging his support obligation.
The papers submitted relative to the California decree indicate that the respondent was served in New York with a divorce complaint from California on August "30, 1979 (some four months after the birth of the child). On November 1,1979, an interlocutory judgment dissolving the marriage was entered, which judgment directed respondent to remit $250 monthly for the support of the minor child. On March 31, 1980, a “final judgment of dissolution” was entered, impliedly preserving the support provisions of the interlocutory decree. It is clear from the decree submitted that the respondent failed to appear or answer in the California action. Further, it appears from the papers submitted that the respondent never resided in California or had any connection with that State other than the presence of the res of the marriage which the petitioner carried there.
The petitioner’s representative in New York contends, nevertheless, that due to the presumption of legitimacy herein and in view of the estoppel effect of the provisions of the California decree (which, it is contended, have settled the issue of paternity), any order entered herein directing blood tests would be improper. It is contended that the ruling in Matter of Montelone v Antia (60 AD2d 603) is applicable to the facts herein, wherein the Appellate Division stated: “blood tests should be directed only where the issue of paternity has never been conceded, expressly or implicitly, or actually litigated.”
*625 Assuming, arguendo, that the rule stated is a reasoned and sound one, the court must now ask: has the issue of paternity been conceded or litigated?
The court is constrained to believe that it has not. The California decree of dissolution is precisely that, a judicial judgment dissolving the marriage between the petitioner and respondent. Nowhere in the terms of either the final or the interlocutory decree is the issue of paternity determined or even referred to. The California court made no specific findings as to whether the child in question was born of the marriage, nor has proof been submitted that the court did so in any collateral matter. The only reference to the child in the decree is in the support provisions directed in the interlocutory judgment, which ordered support for “the minor child, Jeffrey George Lee.” This can hardly be considered to be a determination of paternity. Moreover, the court can perceive little prejudice to the petitioner if the requested blood test is ordered. Indeed, the ordering of such a test may well finally settle the issue to the benefit of the parties and child.
The court does not view respondent’s application as an attempt to indirectly challenge the California decree herein, as petitioner’s representative contends. Respondent’s application is ostensibly a valid one, considering the language of the California decree, the dates of the parties’ separation agreement (June 7, 1978) and the execution of the said agreement (June 20, 1978) and the date of the child’s birth (April 11, 1979). We therefore cannot classify respondent’s request as being patently frivolous or without merit. Accordingly, respondent’s request for a blood-grouping test is granted.
With respect to respondent’s motion for an order directing the filing of a bill of particulars, the court believes that the determination of the propriety of such bill of particulars is best reserved pending the results of the blood tests herein.
The disposition department is directed to arrange for the said blood-grouping test or tests to be made at the respondent’s sole cost and expense.