Martin SAUNDERS, Appellant,

v.

Susan SAUNDERS, Appellee.

No. B14–82–080CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 14, 1983.

John Holloway Ward, Houston, for appellant.

Eldred H. Hammond, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals an order requiring him to pay child support under the Uniform Reciprocal Enforcement of Support Act (U.R.E.S.A.) Tex.Fam.Code Ann. § 21.01 et seq. (Vernon 1975).

Appellant and appellee were married in 1977. They became separated in 1981 when appellee moved from Houston to Pennsylvania. Appellant remained in Houston. On March 11, 1981, appellee gave birth to a son. In August, 1981 appellee filed a U.R.E.S.A. action in the court of Common pleas of Washington County, Pennsylvania, seeking $300.00 a month support for this child from appellant. This sworn petition set forth appellee's marital status, dependent children, financial condition and the name, address and description of the appellant. A hearing was held in Pennsylvania and that court certified to the Harris County District Attorney's Office that appellee's petition set forth facts "from which it may be determined that the defendant owes a duty of support to [his] wife and one child." Copies of the petition were transmitted to the Harris County District Attorney's Office pursuant to Tex.Fam.Code Ann. § 21.36 (Vernon Supp.1982–1983). On December 14, 1981, a show cause hearing was held in the 246th District Court of Harris County. Appellee was not present, but was represented by the District Attorney's Office. The trial court allowed appellee's sworn petition into evidence. Appellant was called as an adverse witness and testified to essentially the same facts as contained in the petition. The trial court ordered appellant to pay child support of $120.00 per month.

Appellant brings five points of error. In his first point, appellant contends the trial court erred in accepting into evidence "the Commonwealth of Pennsylvania's certification and petition" alleging that it is hearsay, inadmissable in district court and, therefore, violative of Tex.Fam.Code Ann. § 21.36(a) (Vernon Supp.1982–1983). Appellant further asserts that Section (a) of section 21.36 is in fatal conflict with Section (b).

The function of the certificate of the court of the initiating state is to establish that such court, upon examination of the plaintiff's petition, has found such probable duty of support as to warrant transmittal of the petition and certificate to the court of the responding state. The court of the responding state then holds a hearing, after proper notice or service of process upon the defendant, to determine whether a duty of support actually exists. *Schlang v. Schlang,* 415 S.W.2d 28 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.). The petition and certification serve merely to establish a prima facie case. Tex.Fam.Code Ann. § 21.36(b) (Vernon Supp.1982–1983). Such may be rebutted by the defendant.

In this case, appellant was called as an adverse witness and testified to essentially the same facts that were alleged in the plaintiff's petition. The trial court relied on this testimony in rendering its decision. The record does not reflect that the trial court rendered its decision based on the statements made in appellee's petition. The question of whether those facts, as stated in the petition, were hearsay and should not have been admitted is, therefore, not before us. Furthermore, we find no conflict between sections (a) and (b) of section 21.36.

Section (a) provides that "in any hearing under this chapter, the court shall be bound by the same rules of evidence that bind the District Court." Section (b) states that:

> In any suit brought under this chapter, if the initiating court certifies that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction over the defendant or his property, the certified petition shall be admitted in the responding state as prima facie evidence that the defendant's duty to support exists.

Tex.Fam.Code Ann. § 21.36(b) (Vernon Supp.1982–1983). Texas law provides that:

> Any written instrument which is permitted or required by law to be made, filed, kept or recorded ... by an officer or clerk of the United States or of another state or nation or of any governmental subdivision of any of the foregoing, or by his deputy or employee; or by any Notary Public of a foreign country in a protocol or similar book in the performance of the functions of his office, shall, so far as relevant, be admitted in the courts of this state as evidence of the matter stated therein, ....

Tex.Rev.Civ.Stat.Ann. art. 3731a, § 2. Article 3731a § 2 operates as an exception to the hearsay rule and permits the introduction into evidence of official public records or certified copies of such records. However, such records must still meet the traditional requirements of relevance, competence and materiality. *Lister v. Employers Reinsurance Corporation,* 590 S.W.2d 803 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Section 21.36(b), supra, outlines the requisites necessary for a petition to be evidence which is relevant, competent, and materially sufficient to establish a prima facie case in a U.R.E.S.A. action. Such section is, therefore, not in conflict with Section 21.36(a) or the rules of evidence that bind the district court. The Pennsylvania certificate and petition meet the requirements of both Section 21.36(a) & (b) and of Article 3731a § 2. Such documents were, therefore, properly admitted. Appellant's first point of error is overruled.

In his second point, appellant contends that Tex.Fam.Code Ann. § 21.36 is unconstitutional because it violates the Fifth Amendment to the United States Constitution. Appellant argues that the combination of the trial court's refusal to allow him to testify as to non-access and its acceptance of the "out of court testimony of appellee" deprived him of his property without due process of law. We disagree.

Initially, we note that due process, as it applies to the states, is a right granted by the Fourteenth Amendment, not the Fifth Amendment. The certification and petition which were admitted served merely to establish a prima facie case which could have been rebutted by appellant at the U.R.E.

S.A. hearing. Appellant's testimony failed to rebut the prima facie case established by the petition. When appellant attempted to testify concerning paternity the following dialogue transpired.

Q. Did your wife desert you?

A. Yes.

Q. Is the child yours?

MR. HAMMOND: I would object to that, your honor.

THE COURT: Sustained.

Q. (by Mr. Ward) did your wife leave you prior to the time the child was born?

A. Yes.

Q. What was the date approximately that she left you?

MR. HAMMOND: I would object to that, your honor, on the materiality to this hearing.

THE COURT: Sustained.

Although appellant was asked if the child was his, he was not allowed to answer and did not make a bill of exceptions to show what his answer would have been. Without such we cannot speculate as to whether his testimony would have raised the defense of non-paternity. Appellant's second point of error is overruled.

In his third point, appellant contends his Sixth Amendment rights were violated because he was not allowed to confront the witnesses against him. The right of a person to confront the witnesses against him applies only in a criminal prosecution. A U.R.E.S.A. action is civil in nature. Appellant's third point of error is, therefore, overruled.

In his fourth and fifth points, appellant contends the trial court erred in not allowing him to present evidence of non-access to his spouse when he attempted to raise the issue of paternity. Additionally, appellant contends that once paternity was raised, the trial court should have continued the case until the appellee was present in the State of Texas.

Texas law provides with respect to a U.R.E.S.A. action that:

If the plaintiff is absent from the responding state and the defendant presents evidence which constitutes a defense, the court shall continue the case for further hearing and the submission of evidence by both parties.

Tex.Fam.Code Ann. § 21.34 (Vernon 1975). Appellant made no bill of exceptions. No evidence was presented to raise the defense of non-access. Under such circumstances the trial court was not obligated to continue the case. Additionally, appellant did not move for a continuance in the trial court. Therefore, nothing is preserved for review. Appellant's fourth and fifth points of error are overruled.

We affirm the judgment of the trial court.

MURPHY, Justice, dissenting.

I respectfully dissent from the majority's disposition of the first two points of error concerning hearsay and due process. I agree with the conclusion reached by the majority with respect to point of error three, the absence of the Sixth Amendment right of confrontation in a U.R.E.S.A. proceeding, but I would amplify the reasoning and include citations to specific authority which supports that reasoning. I concur with the disposition of points of error four and five.

By way of background, Texas has adopted the U.R.E.S.A., which is codified in Tex. Fam.Code Ann. § 21.01 et seq. (Vernon 1975). The Legislature amended Tex.Fam. Code Ann. § 21.36 (Vernon Supp.1982–1983) effective August 31, 1981 when it added subsections (b) and (c). The provisions pertinent to this appeal now state:

Section 21.36. Rules of Evidence; Presumptions

(a) In any hearing under this chapter, the court shall be bound by the same rules of evidence that bind the district court.

(b) In any suit brought under this chapter, if the initiating court certifies that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain juris-

diction over the defendant or his property, the certified petition shall be admitted in the responding state as prima facie evidence that the defendant's duty to support exists.

It was the Legislature's intent in amending § 21.36 to reduce delay and expense in Texas U.R.E.S.A. proceedings by eliminating certain procedural and evidentiary barriers which, it was believed, had the practical effect of increasing the welfare rolls. House Committee on the Judiciary, Bill Analysis, Tex. H.B. 952, 67th Leg. (1981).

Because this appeal presents a novel challenge to the validity of § 21.36, as amended by H.B. 952, I believe it would be helpful to discuss general U.R.E.S.A. procedures, and specifically how § 21.36 operates in a U.R.E.S.A. action.

## DUTY OF INITIATING COURT AND NATURE OF CERTIFIED PETITION

In the case of *Neff v. Johnson,* 391 S.W.2d 760 (Tex.Civ.App.—Houston 1965, no writ), the court stated:

> It is our view that the function of the certificate of the court of the initiating state is to establish that such court upon examination of the plaintiff's petition has found such probable duty of support as to warrant transmittal of the petition, certificate and a copy of the support Act to the court of the responding state.

*Id.* at 764.

Other states have come to similar conclusions concerning the duty of the initiating court and the function of the certified documents sent to the responding court. *See, e.g., Rosenberg v. Rosenberg,* 152 Me. 161, 125 A.2d 863 (1956) (Plaintiff's petition sufficiently stated a cause of action for relief under the Act); *Pennsylvania ex rel. Stobie v. Stobie,* 3 Ohio App.2d 18, 209 N.E.2d 457 (1964) (allegations of petition stated a good cause of action under the act as adopted by Ohio); *Kirby v. Kirby,* 338 Mass. 263, 155 N.E.2d 165 (1959) (the Massachusetts version of U.R.E.S.A. merely prescribes an *ex parte* determination, in the nature of finding probable cause, by the court of the initiating state that the allegations of the

petition warrant further proceedings in the responding state); *O'Hara v. Floyd,* 47 Ala. App. 619, 259 So.2d 673 (1972) (the initiating state merely examines the verified petition to determine if from allegation contained therein the duty of support is capable of being determined in the responding state); *Ball v. Haughton,* 60 Ill.App.3d 562, 17 Ill.Dec. 888, 377 N.E.2d 78 (1978) (allegations in petition were sufficient to establish petitioner's standing to bring action under U.R.E.S.A.).

I think it clear, therefore, that the initiating court merely makes a threshold or preliminary determination of a probable duty of support before sending the petition and other documents to the responding court.

## DUTY OF RESPONDING COURT IN TEXAS—SCOPE OF HEARING

Once the initiating court certifies the U.R.E.S.A. documents and forwards them to the proper court in Texas (the responding state), the responding court must hold a hearing pursuant to § 21.32 of the Family Code. The purpose of the hearing is to determine whether the defendant owes a duty to support and, if so, in what amount, and it may occur only after proper notice has been given the defendant. *Neff v. Johnson,* 391 S.W.2d at 764. It is in the context of this hearing that appellant challenges the rules of evidence and presumptions as set forth in the current § 21.36 of the Code.

Other states which have adopted U.R.E.S.A. have interpreted the extent of the duty of the responding court in situations similar to those prescribed by § 21.32 of the Texas Family Code. These jurisdictions agree uniformly that it is the responsibility of the responding state to make a final determination of duty to support according to its own law. *In re Proceeding for Support Under Uniform Support of Dependents Law,* 94 Misc.2d 588, 405 N.Y.S.2d 225 (1978); *Pfueller v. Pfueller,* 37 N.J.Super. 106, 117 A.2d 30 (1955); *O'Hara v. Floyd,* 259 So.2d at 675. The determination of whether a duty to support exists may be made by the responding court only upon the

basis of evidence adduced in a hearing before that court. *Pfueller v. Pfueller,* 117 A.2d at 32–33. At this hearing the defendant may contest his alleged duty to support. It is proper to establish the issue of paternity then, if paternity has not otherwise been determined. *Moody v. Christiansen,* 306 N.W.2d 775 (Iowa 1981); *Stearns v. Kean,* 303 N.W.2d 408 (Iowa 1981); *Lee v. Lee,* 110 Misc.2d 623, 442 N.Y.S.2d 904 (Fam.Ct. 1981). When paternity is at issue, clear and convincing proof of non-access or impotency of the man constitutes a defense. *Etchison v. Greathouse,* 596 S.W.2d 233, 236 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ).

### EVIDENTIARY VALUE OF CERTIFIED U.R.E.S.A. DOCUMENTS SENT BY INITIATING STATE AND VALIDITY OF § 21.36(b) OF THE FAMILY CODE

Subsection (b) of § 21.36 requires the admission into evidence of the certified petition and related documents from the initiating state, and these documents are prima facie evidence of a duty of support owed by the defendant. Thus, under this statutory presumption, if a Texas U.R.E.S.A. defendant offers no evidence to the contrary, the plaintiff is entitled to recover child support based on the allegations of a duty to support contained in the certified petition sent by the initiating court of a sister state. *See,* 1 Ray, Texas Law of Evidence § 55 (Tex. Practice 3d ed. 1980) and authorities cited therein. The effect of the provision is to give the contents of the certified documents artificial weight as evidence. *See,* Keeton, *Statutory Presumptions—Their Constitutionality and Legal Effect,* 10 Texas L.Rev. 34, 48 (1931).

Subsection (a) of § 21.36 requires the Texas court in a U.R.E.S.A. proceeding to be bound by the same rules of evidence which generally bind district courts. Since district courts may not consider incompetent evidence, neither may courts in which U.R.E.S.A. actions are heard. It is axiomatic that hearsay evidence—an out of court statement offered for the truth of its assertions—is incompetent and lacks proba-

tive force. 1A Ray, *supra,* at § 781 et seq. The primary objection to hearsay is that the declarant at the time he made the statement was not subject to cross examination under oath, and thus the statement is untrustworthy. 5 Wigmore, Evidence § 1361 (Chadbourn rev. 1974).

On several occasions Texas courts have held that the U.R.E.S.A. petition and other certified documents received from an initiating court are inadmissible hearsay. *Lewallen v. Hardin,* 563 S.W.2d 356, 357 (Tex. Civ.App.—Dallas 1978, no writ); *Holmes v. Tibbs,* 542 S.W.2d 487 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Schlang v. Schlang,* 415 S.W.2d 28 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.); *Neff v. Johnson,* 391 S.W.2d at 764. I concur with their holdings. In the case at bar, it makes no difference that Appellee's petition was certified, or that her so-called "testimony" incorporated by reference the contents of the U.R.E.S.A. petition, for none of the documents received from the Pennsylvania court originated in a proceeding in which Appellant was given an opportunity to cross examine the declarant. *See,* 1A Ray, *supra,* at § 787. Other jurisdictions are in accord with the well-established Texas position. *See, e.g., Lambrou v. Berna,* 154 Me. 352, 148 A.2d 697 (1959); *O'Hara v. Floyd,* 259 So.2d 673; *Kirby v. Kirby,* 155 N.E.2d 165.

Contrary to the majority's claim, I am convinced that Tex.Rev.Civ.Stat.Ann. art. 3731a (Vernon Supp.1982–1983), has absolutely no bearing on this case. By enacting a public records exception to the hearsay rule, the Texas Legislature did not intend "to abrogate the well-settled principle of the common law of the inadmissibility of hearsay evidence based on further hearsay evidence." *Smith v. Riviere,* 248 S.W.2d 526, 530 (Tex.Civ.App.—Texarkana 1951, no writ). The reach of the statutory exception has been clearly delineated:

> even though the official public records or certified copies thereof are admissible in evidence, that does not mean that ex parte statements, hearsay, conclusions and opinions contained therein are admissible. Furthermore, the admissibility of

the records does not authorize the consideration of any hearsay based on hearsay, or of any conclusion therein which is not shown to have been made by an official or employee of the Department *who had personal knowledge of the facts upon which the conclusion is based.*

*Texas Dept. of Public Safety v. Nesmith,* 559 S.W.2d 443, 447 (Tex.Civ.App.—Corpus Christi 1977, no writ) (emphasis added). *Accord McCrary v. State,* 604 S.W.2d 113, 115 (Tex.Cr.App.1980); *Porter v. State,* 578 S.W.2d 742, 746 (Tex.Cr.App.1979) (En Banc). *See also* Annot. 69 A.L.R.2d 1148 (1960). Since in this case the judge in the Pennsylvania Court of Common Pleas had no personal knowledge of the contents of Appellee's U.R.E.S.A. petition, article 3731a simply is not applicable.

The majority makes the assertion that since Appellant "testified to essentially the same facts that were alleged in the plaintiff's petition," the trial court could have relied on that testimony, and not on the contents of the petition, in reaching its decision. In the absence of findings of fact and conclusions of law, we have no idea what evidence the trial court relied on. The petition was in evidence, albeit improperly, so it is equally plausible that the court relied on its contents, rather than on the testimony. Furthermore, Appellant did not testify to crucial allegations in the petition relating to Appellee's financial status. Under Tex. Fam.Code Ann. § 4.02 (Vernon Supp.1982–1983), a mother, as well as a father, has the duty to support her minor children. *Boriack v. Boriack,* 541 S.W.2d 237, 242 (Tex. Civ.App.—Corpus Christi 1976, writ dism'd). The duty to support is not dependent solely on each spouse's current earnings. In determining the amount of child support, the court should consider such factors as the financial resources available to each parent, the obligations borne by each parent, nonfinancial contributions to the child, and the standard of living of the child. *Grandinetti v. Grandinetti,* 600 S.W.2d 371, 372 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ). Appellant did not testify to any of these factors as they related to Appellee. The 1980 joint tax return provided no data

relevant to the financial status of the parties as of December 1981, the date of the hearing. The only evidence of Appellee's financial condition and of the child's needs at the time of the hearing was contained in the U.R.E.S.A. petition, which I consider inadmissible for reasons I have previously enumerated.

I would sustain Appellant's first point of error and hold that § 21.36(b) of the Texas Family Code conflicts with § 21.36(a) and impermissibly requires the admission of hearsay evidence in a Texas U.R.E.S.A. proceeding. In my opinion, the presumption established by § 21.36(b) is void and Appellee has not met her burden of proving that Appellant owes a duty of support.

## DUE PROCESS AND THE ADMISSION OF HEARSAY

In appellant's second point of error, he asserts that § 21.36 of the Family Code violates the Fifth Amendment by depriving him of property without due process of law. Any due process attack on a Texas statute would properly stem from the due process clause of the Fourteenth, not the Fifth, Amendment. Despite Appellant's analytical mistake, I would consider the assignment of error. Tex.R.Civ.P. 418.

I believe Appellant's objection to the statute based on its contravention of the rule against hearsay to be intertwined with the statute's invalidity on constitutional grounds. The United States Supreme Court has stated that "the power to create presumptions is not a means of escape from constitutional restrictions." *New York Times Co. v. Sullivan,* 376 U.S. 254, 284, 84 S.Ct. 710, 728, 11 L.Ed.2d 686 (1964). Constitutional challenges to statutory presumptions frequently are founded on due process grounds. Note, *Constitutionality of Rebuttable Statutory Presumptions,* 55 Colum.L. Rev. 527, 531 (1955); Keeton, *supra,* at 41. As in all questions involving due process, the general tests of the validity of a statutory presumption are its reasonableness and its fairness. 55 Colum.L.Rev. at 548.

It is clear to me that the due process guarantee, which includes notice and the opportunity to be heard, is abridged when a U.R.E.S.A. defendant is denied the right to cross examine the petitioner. As another court has observed:

> [i]f any deprivation of due process is caused by the participation of two courts in disposing of a single action, it would have to be in the taking of *ex parte* evidence in one court for use in the deciding court. A defendant in a proceeding under the support law has the right to cross examine the plaintiff.

*Smith v. Smith* [125 Cal.App.2d 154], 270 P.2d 613, 622 (Cal.Ct.App.1954).

*But cf. Ivey v. Ayers*, 301 S.W.2d 790, 796 (Mo.1957) (in contrast to the Texas Family Code presumption at issue, Missouri Act did not *require* the admission into evidence of testimony taken before initiating Virginia court; therefore, lack of opportunity to cross examine plaintiff did not deprive defendant of due process rights). As I have said, the primary objection to hearsay is based on the absence of an opportunity to cross examine the declarant. Although under current practices there is no doubt that U.R.E.S.A. documents sent to Texas by an initiating state are hearsay, the problem could be readily cured. It is not necessary that a U.R.E.S.A. defendant cross examine the petitioner in person. I would suggest that in a case such as this one, in which the parties are separated by a great distance, cross examination could most easily be accomplished by deposition or by written interrogatories. *See Carpenter v. Carpenter*, 231 La. 638, 92 So.2d 393 (1956); *Whittlesey v. Bellah*, 130 Cal.App.2d 182, 278 P.2d 511, cert. denied, 350 U.S. 821, 76 S.Ct. 47, 100 L.Ed. 734 (1955). Properly introduced, the discovery documents would be competent evidence in the Texas proceeding, and the defendant's rights would have been fully protected.

I am sympathetic with the announced legislative goals of efficiency and reduction of the numbers of welfare recipients, both of which were sought through speedier child support enforcement proceedings facilitated by H.B. 952. However, the means of attaining those goals may not run roughshod over constitutional rights. Therefore, I would sustain Appellant's second point of error and hold that the denial of the right of cross-examination by the admission of hearsay under § 21.36(b) of the Texas Family Code deprives him of due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Art. I, § 19 of the Texas Constitution.

### SIXTH AMENDMENT RIGHT OF CONFRONTATION

In his third point of error, Appellant asserts that Family Code § 21.36 deprives him of his Sixth Amendment right to confront witnesses against him in a proceeding in the nature of a criminal case. The majority summarily overrules his contention without citing any basis for doing so. Although I have found no Texas authority on this subject, other jurisdictions have dealt with the issue. The right of a person to be confronted by witnesses against him, guaranteed by the Sixth Amendment to the U.S. Constitution and § 10 of the Texas Constitution, applies only in criminal prosecutions. *Sieber v. Sieber*, 258 N.W.2d 754, 756 (Minn. 1977). In *Robinson v. Robinson*, 8 Ohio App.2d 235, 221 N.E.2d 598 (1966), the court held that a defendant in a U.R.E.S.A. action has no right to be confronted by witnesses since such a proceeding is civil in nature. Pennsylvania has characterized a U.R.E.S.A. action as quasi—criminal in nature, and has determined a U.R.E.S.A. defendant is not entitled to be confronted by witnesses at a hearing. *Commonwealth ex rel. Shaffer v. Shaffer*, 175 Pa.Super. 100, 103 A.2d 430 (1954); Annot., 42 A.L.R.2nd 761 (1955) (annotating *Shaffer*). Since a U.R.E.S.A. support action is not a criminal prosecution, Appellant's third point of error is without merit and I agree that it should be overruled.

Based on my agreement with Appellant's contentions that Tex.Fam.Code Ann. § 21.-36(b) (Vernon Supp.1982–1983) is contrary to the rule against hearsay, violates the constitutional guarantee of due process, and is in fatal conflict with § 21.36(a), I would

- 543

reverse the judgment of the trial court and remand for proceedings consistent with this opinion.