[No. A030401. First Dist., Div. Two. Feb. 11, 1987.]

D. P., a Minor, etc., et al., Plaintiffs and Appellants, v.
JIMMY D. STEWART, Defendant and Respondent.

COUNSEL

William M. Hilton for Plaintiffs and Appellants.

L. Wallace Graham and Myers, Praetzel, Garety, Bjorklund, Graham & Reisinger for Defendant and Respondent.

OPINION

**ROUSE, J.**—Marjorie P., both individually and in her capacity as guardian ad litem of her minor son, D. P., appeals from a judgment of dismissal entered following the sustaining of a demurrer without leave to amend in an action to determine the existence of a father and child relationship and for child support. We determine that the trial court erred in holding the action barred by the doctrine of res judicata and consequently reverse.

In July 1977, Marjorie P., through the Marin County District Attorney, filed a complaint in the Marin County Superior Court against Jimmy D. Stewart under the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (RURESA, Code Civ. Proc., § 1650 et seq.), action No. 85402. The petition alleged that Marjorie is the mother and Jimmy the father of D. P., a minor born April 12, 1975, and residing with Marjorie in Marin County. It also alleged that public assistance had been provided to D. P. in the amount of $282 per month and sought an order requiring Jimmy to make future support payments in that amount. The petition alleged that Jimmy was residing in Denton, Texas.

On July 22, 1977, a Marin County Superior Court judge issued a certificate and order for transmission of three copies of the complaint to the clerk of the District Court of Denton County, Texas. On September 7, 1977, Jimmy filed an answer in that court alleging, inter alia, that no relationship of paternity existed between him and D. P. and that he therefore owed no duty of support. On September 21, 1977, a judge of the District Court of Denton County entered an order providing that, "after examining the pleadings and listening to the evidence and argument of counsel," the court found "that paternity is not established in [Jimmy] by the evidence *at this time* and further that there is nothing in the law to require [Jimmy] to support D. P." (Italics added.) The order noted that Marjorie had appeared through counsel (the District Attorney of Denton County) and that Jimmy had appeared in person and through counsel. The record before us does not indicate what evidence was presented to or considered by the Texas court.

On February 5, 1979, the Marin County District Attorney filed a motion to dismiss the RURESA action "for the reason that paternity cannot be established." The motion was granted on that date.

On May 4, 1984, D. P. and Marjorie, through private counsel, filed the present action in the court below seeking to have Jimmy adjudged the father of D. P. and ordered to pay $400 per month for his support.[1] On October 19, 1984, Jimmy demurred to the complaint on the ground that the cause of action had previously been decided in the RURESA proceeding and that the claims set forth in the complaint were therefore barred by res judicata. Jimmy also filed a request that the court take judicial notice of Marin County Superior Court action number 85402 (the RURESA proceeding).

A hearing was held on November 16, 1984. The trial court took judicial notice of the records in the RURESA action and heard argument of counsel. On November 30, 1984, the court entered its order sustaining the demurrer without leave to amend and dismissing the action. This timely appeal followed.

D. P. and Marjorie contend that the issue of paternity was not properly before the Texas court for determination; that the Texas court did not adjudicate the issue of paternity and that consequently the present paternity action is not barred by res judicata or collateral estoppel.

■ A threshold question is whether an adjudication of paternity was within the scope of the RURESA proceeding. California has adopted the Revised Uniform Reciprocal Enforcement of Support act of 1968. Texas, however, has not adopted the 1968 Act. It has adopted and continues to be governed by the Uniform Reciprocal Enforcement of Support Act of 1950 (URESA). (Tex. Fam. Code Ann. § 21.01 et seq.) The 1968 act contains an express provision authorizing the adjudication of paternity in a RURESA action. California has adopted this provision which states: "If the obligor asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue. Otherwise, the court may adjourn the hearing until the paternity issue has been adjudicated." (Code Civ. Proc., § 1695.) The 1950 act, which is in effect in Texas, contains no such provision.

---

[1]Such actions are brought under the Uniform Parentage Act, Civil Code section 7000 et seq.

■ Both California law and Texas law contain provisions that duties of support under RURESA or URESA are those imposed "under the laws of any state where the obligor was present [during the period for] which support is sought." (Code Civ. Proc., § 1670; Tex. Fam. Code Ann. § 21.21.) It is undisputed that Jimmy was in Texas during the period for which support was sought in the RURESA action. Consequently, the issue of whether paternity was adjudicated in that proceeding is governed by Texas law.

■ We are not aware of any Texas judicial decision directly addressing the issue of whether an adjudication of paternity is within the scope of a URESA proceeding under Texas law. The majority of jurisdictions which have adopted the 1950 act but not the 1968 act and have no statutory provision authorizing an adjudication of paternity in a URESA proceeding, and which have considered the question of whether such an adjudication is within the scope of a URESA proceeding, have determined that it is. (See Annot., Determination of Paternity of Child as Within Scope of Proceeding Under Uniform Reciprocal Enforcement of Support Act (1977) 81 A.L.R.3d 1175; see also *Bushnell* v. *Bushnell* (1984) 393 Mass. 462 [472 N.E.2d 240, 245, fn. 11].)

One Texas case has indicated by implication that an adjudication of paternity is within the scope of a URESA proceeding under Texas law. In *Saunders* v. *Saunders* (Tex.App. 1983) 650 S.W.2d 534, the appellate court addressed a defendant's argument that the trial court erred in not continuing a URESA case when he raised the issue of paternity as a defense. Texas law provides with respect to a URESA action: "If the plaintiff is absent from the responding state and the defendant presents evidence which constitutes a defense, the court shall continue the case for further hearing and the submission of evidence by both parties." (Tex. Fam. Code Ann. § 21.34.) The *Saunders* court held that the trial court committed no error in failing to continue the case because the defendant had failed to preserve the issue by not taking a bill of exceptions to show what his answer would have been to the question "Is the child yours?" as to which an objection was sustained. The appellate court held that "[u]nder such circumstances the trial court was not obligated to continue the case." (*Saunders* v. *Saunders, supra,* 650 S.W.2d at p. 538.) Although the *Saunders* court did not directly address the issue, the implication of its decision is that denial of a continuance would have been error had the issue of paternity been properly raised and preserved and the trial court could have adjudicated paternity. In view of *Saunders,* we conclude that Texas law is in accord with the majority view that an adjudication of paternity is within the scope of a URESA proceeding even though there is no express statutory provision to that effect.

■ Having determined that an adjudication of paternity is within the

scope of a URESA proceeding governed by Texas law, we next consider whether the Texas trial court actually adjudicated that issue in the URESA proceeding involved here. We conclude that it did not.

The Texas trial court's order adjudged that paternity was not established by the evidence "at this time," thus indicating that it might be established at some future time. Additionally, the court did not continue the case "for further hearing and the submission of evidence by both parties" as required by Texas Code Annotated, section 21.34. "[T]he establishment of the parent-child relationship is the most fundamental right a child possesses [,] to be equated in importance with personal liberty and the most basic of constitutional rights." (*Ruddock* v. *Ohls* (1979) 91 Cal.App.3d 271, 277-278 [154 Cal.Rptr. 87].) In view of this, we conclude that California courts should not bar a paternity action on the basis of res judicata unless the record demonstrates without doubt that another court previously intended to and actually did adjudicate the issue of paternity. The record herein does not so demonstrate.[2]

Marjorie has requested an award of attorney's fees on appeal. Civil Code section 7011 provides that a court "may order reasonable fees of counsel" in an action under the Uniform Parentage Act. We determine that Marjorie should be awarded reasonable attorney's fees incurred on appeal.

The judgment is reversed. Upon remand, the trial court shall set aside its order sustaining the demurrer and enter a new order overruling the demurrer and granting Jimmy a reasonable time within which to file an answer. Upon appropriate application by Marjorie, the trial court shall also determine and award to her reasonable attorney's fees incurred on appeal.

Kline, P. J., and Benson, J., concurred.

---

[2]Having determined that this action is not barred by res judicata, we need not address Marjorie's additional contentions that the decision of the Texas court is not binding on D. P. either because he was not a party to that action or because Marjorie was not acting in a representative capacity for him in that action.